IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) JOHN KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger and

(2) PAMELA KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger,

            Plaintiffs,

v.

(1) BOARD OF COUNTY COMMISSIONERS FOR WAGONER COUNTY, OKLAHOMA, a/k/a WAGONER COUNTY, OKLAHOMA;

(2) WAGONER COUNTY SHERIFF'S DEPARTMENT;

(3) WAGONER EMERGENCY SERVICES, INC., a/k/a WAGONER EMS;

(4) KALEB PHILLIPS, individually;

(5) NICHOLAS ORR, individually;

(6) JEFF PATTERSON, individually; and

(7) ALAN SMITH, individually;

            Defendants.

Case No. CIV-21-044-RAW

**DEFENDANT WAGONER COUNTY SHERIFF'S DEPARTMENT'S**
**<u>MOTION TO DISMISS AND BRIEF IN SUPPORT</u>**

Defendant Wagoner County Sheriff's Department (hereinafter "Sheriff's Department") submits this Motion to Dismiss the claims against it as set forth in the Plaintiffs' Second Amended Complaint [Dkt. 46], pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff. *Warnick v. Cooley*, 895 F.3d 746, 750–51 (10th Cir. 2018). In this regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face,' not just 'conceivable.'" *Warnick*, 895 F.3d at 751 (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, plaintiffs must allege sufficient facts to "nudge" their claim "across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021); *see also Twombly*, 550 U.S. at 570 (when plaintiffs allegations do not "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed"). "Allegations that are 'merely consistent with a defendant's liability' stop short of that line." *Brooks*, 985 F.3d at 1281 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The court need not credit "naked assertions" or "[b]ald accusations" when considering a plaintiff's complaint for 12(b)(6) purposes. *Brooks*, 985 F.3d at 1281-82 ("naked assertions" and "[b]ald accusations, such as 'defendant violated the law,' 'defendant failed to exercise reasonable care,' and the like will not support a claim for relief"). Similarly, legal conclusions and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" do not suffice to survive a 12(b)(6) motion. *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678-79); *see also Warnick*, 895 F.3d at 751. Indeed, when examining a plaintiff's complaint under Rule 12(b)(6), the court must "'disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.'" *Alpenglow*, 894 F.3d at 1195 (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "Stated differently, '[a] claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Iqbal*, 556 U.S. 678)).

## PROPOSITION I:

## The Sheriff's Department is Not a Legal Entity Subject to Suit

In their Second Amended Complaint, Plaintiffs name as a Defendant the "Wagoner County Sheriff's Department." [Dkt. 46]. However, the Sheriff's Department is not a legal entity subject to suit, and as such Plaintiffs' claims against it should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiffs' Second Amended Complaint asserts claims under both federal and state law. Oklahoma legal authority is clearly applicable to Plaintiffs' state law claims. Additionally, Oklahoma legal authority is applicable to Plaintiffs' federal claims with respect to the defendants' capacity to be sued. Specifically, Rule 17(b)(3) of the Federal Rules of Civil Procedure provides that a defendant's capacity to sue or be sued is determined "by the law of the state where the court is located . . ." Accordingly, Oklahoma authority would apply in considering whether Plaintiffs have named a proper party defendant.

Under Oklahoma law, the Sheriff's Department does not enjoy a separate legal existence from Wagoner County. *See* Okla. Stat. tit. 51, § 152. Defining those governmental entities that may bear liability under the Oklahoma Governmental Tort Claims Act ("OGTCA"), the statute defines "political subdivision" to include a county. Okla. Stat. tit. 51, §152(11)(c). However, the OGTCA definition of a political subdivision does not include any other county office or department, and courts have consistently and expressly ruled that such offices and departments, such as a sheriff's department, are not legal entities subject to suit. *See Lindsey v. Thompson*, 550 F.Supp.2d 1285, 1289 (E.D. Okla. 2006) (holding that the Carter County Sheriff's Department is

3

not a suable, legal entity); *see also Lindsey v. Thomson*, 275 Fed. Appx. 744, 747 (10th Cir. 2007) (noting plaintiff had sued "a number of entities that have no apparent legal existence" such as the "Carter County Sheriff's Department"); *Reid v. Hamby*, 124 F.3d 217, 1997 WL 537909, at *6 (10th Cir. 1997) ("We now hold that an Oklahoma "sheriff's department" is not a proper entity for purposes of a § 1983 suit.")[1]; *Benton v. Town of S. Fork*, 587 Fed. Appx. 447, 449 (10th Cir. 2014) (town's police department is not a "separate suable entity" and as such is subject to dismissal under Rule 12(b)(6)); *Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. 2010) ("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983. . . . we agree with the district court that the Creek County Criminal Justice Center is not a suable entity under § 1983."). And indeed, this Court has previously held that the Wagoner County Sheriff's Department was not a proper party to a § 1983 action, noting "courts in this circuit have repeatedly determined that local police [and sheriff's] departments do not have legal identities apart from the municipalities or counties they serve." *Dent v. Craig*, CV 20-195-RAW-SPS, 2020 WL 3578050, at *2 (E.D. Okla. July 1, 2020).[2]

As such, the Sheriff's Department, like any other office or department of Wagoner County, may not be sued under 42 U.S.C. § 1983 or state law because it lacks legal identity apart from Wagoner County. As the court in *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992) stated:

> The district court correctly dismissed Dean's claim against the Jefferson County Sheriff's Department. We agree with the magistrate judge's conclusion, which was adopted by the district court, that the Jefferson County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983. . . The question here is not whether the Jefferson County Sheriff's Department is a "person" for the purposes of liability under *Monell* [*v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)] and section 1983, but whether the Department is a legal entity subject to suit.

---

[1] This unpublished opinion is being attached herein as Exhibit 1.

[2] This unpublished opinion is being attached herein as Exhibit 2.

4

*Barber*, 951 F.2d at 1214; *see also Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985); *Moore v. Diggins*, 633 Fed. Appx. 672, 677 (10th Cir. 2015) (Denver Sheriff's Department "is not a suable entity under 1983"); *Mohammad v. Albuquerque Police Dep't*, 699 Fed. Appx. 838, 839 (10th Cir. 2017) (claim against Albuquerque Police Department was properly dismissed because it "is not a 'person' under § 1983" and as such "cannot incur liability under § 1983"); *Stone v. Jefferson Cty. Det. Facility*, 838 Fed. Appx. 348 (10th Cir. 2020) (noting a county detention facility and county sheriff's department were "not suable entities under § 1983"). Accordingly, all claims against Defendant Wagoner County Sheriff's Department should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, premises considered, Defendant Wagoner County Sheriff's Department respectfully requests the Court to grant this Motion and to dismiss Plaintiffs' claims against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

s/ Taylor M. Riley
Stephen L. Geries, OBA No. 19101
Taylor M. Riley, OBA No. 33291
COLLINS ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: slg@czwlaw.com
tmr@czwlaw.com

*ATTORNEYS FOR DEFENDANT WAGONER COUNTY SHERIFF'S DEPARTMENT*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 2, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mark D. Lyons
Lyons & Clark, Inc.
616 S. Main, Suite 201
Tulsa, OK 74119-1260

*Attorneys for Plaintiffs*

Robert S. Lafferrandre
Randall J. Wood
Jeffrey C. Hendrickson
Pierce Couch Hendrickson
  Baysinger & Green, LLP
1109 N. Francis Avenue
Oklahoma City, OK 73106

*Attorneys for Defendants Nicholas Orr and Kaleb Phillips*

Thomas A. LeBlanc
Jordan L. Berkhouse
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103

*Attorneys for Defendants, Jeff Patterson, Alan Smith, Drew Craig and Tyler McFarland*

                        s/ Taylor M. Riley
                        Taylor M. Riley