IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) JOHN KRUEGER, individually and as )
Co-Administrator of the Estate of Jeffery )
Krueger and )
    )
(2) PAMELA KRUEGER, individually and as )
Co-Administrator of )
the Estate of Jeffery Krueger, )
    )
Plaintiffs, )
    ) Case No. 21-CV-044RAW
vs. ) JURY TRIAL DEMANDED
    )
(1) BOARD OF COUNTY COMMISSIONERS )
FOR WAGONER COUNTY, OKLAHOMA, a/k/a )
WAGONER COUNTY, OKLAHOMA; )
    )
(2) WAGONER COUNTY SHERIFF'S )
DEPARTMENT; )
    )
(3) WAGONER EMERGENCY SERVICES, INC. a/k/a )
WAGONER EMS; )
    )
(4) KALEB PHILLIPS, individually; )
    )
(5) NICHOLAS ORR, individually; )
    )
(6) JEFF PATTERSON, individually; )
    )
(7) ALAN SMITH, individually; )
    )
(8) DREW CRAIG, individually; and )
    )
(9) TYLER McFARLAND, individually, )
    )
(10) CLARENCE COLLINS, individually )
    )
(11) COREY NEVITT, individually, )
    )
(12) TRAVIS POTTS, individually, )
    )
(13) BEN BLAIR, individually, )

|  |  |
|---|---|
| (14) COLBY NORTH, individually, | ) |
|  | ) |
| (15) MATTHEW LOTT, individually, | ) |
| (16) ELIZABETH CROCKETT, individually, | ) |
|  | ) |
| (17) DUSTIN DOOR, individually, | ) |
|  | ) |
| Defendants. | ) |

## THIRD AMENDED COMPLAINT

COME NOW the Plaintiffs, John Krueger and Pamela Krueger, individually and on behalf of the Estate of Jeffery Krueger, and for their claims of relief against the Defendants the Board of County Commissioners for Wagoner County, Oklahoma; Wagoner County Sheriff's Department; Wagoner Emergency Services, Inc.; Deputy Sheriff Kaleb Phillips; Deputy Sheriff Nicholas Orr; Deputy Sheriff Colby North; Deputy Sheriff Matthew Lott, Lieutenant Elizabeth Crockett; Major Dustin Door; Emergency Medical Technician Jeff Patterson; Emergency Medical Technician Alan Smith, City of Wagoner Officers Drew Craig, Tyler McFarland, Clarence Collins, Corey Nevitt, Ben Blair and Travis Potts and state as follows:

### I. Preliminary Statement

1. This is an action under the Federal Civil Rights Act, 42 U.S.C. §1983 *et seq.*, the Oklahoma Governmental Tort Claims Act, and the statutory and common law of Oklahoma for the brutal and senseless killing of Jeffrey Krueger by Sheriff's Deputies Kaleb Phillips, Nicholas Orr, Colby North, Matthew Lott, Lieutenant Elizabeth Crockett, Major Dustin Door; Wagoner Police Department Officers Clarence Collins, Drew Craig, Tyler McFarland, Corey Nevitt, Ben Blair and Travis Potts; and Emergency Medical Technicians (EMT) Patterson and Smith. While in the custody of the Wagoner County Sheriff's Department, Jeffery Krueger was beaten, tased

2

and/or suffocated to death by Deputies Phillips, Orr, North, Lott, Lt. Crockett and Maj. Door and Officers Craig, McFarland, Collins, Nevitt, Blair and Potts through the use of grossly excessive force and without just cause. Defendants Patterson and Smith acted jointly with Defendants Phillips, Orr, Collins, Craig, McFarland, Nevitt, Potts, North, Lott, Crockett, Blair and Door in causing the death of Mr. Krueger.

2. The death of Jeffery Krueger arises from: (1) the unconstitutional arrest and use of excessive force by Deputies Phillips, Orr, North and Lott, and Lt. Crockett and Maj. Door, and Officers Craig, McFarland, Collins, Nevitt, Blair and Potts; (2) the policy and customs of the Wagoner County Sheriff's Department to use excessive and deadly force without a crime being committed in the presence of its officers, and to use this excessive and deadly force simply to make persons submit to deputies during a no-crime traffic stop; (3) the deliberate indifference of Wagoner County and its Sheriff's Department to the need to properly train and supervise its officers in the use of deadly force when they knew or should have known that such a failure would cause or contribute to constitutional violations; (4) the negligence in providing medical care below the standard required for emergency medical technicians to Jeffery Kreuger and the unconstitutional conduct of EMT Patterson and EMT Smith in assisting in the beating and suffocation death of Mr. Krueger, and their failure to intervene and stop Defendant sheriff's deputies from beating and suffocating Mr. Krueger to death; (5) to the extent that Wagoner Emergency Services, Inc. and EMTs Patterson and Smith were acting under color of law, the failure of Wagoner Emergency Services, Inc. to properly train and supervise its employees when it knew or should have known that the failure to do so would result in constitutional violations;

and (6) the negligence of Wagoner County and the Sheriff's Department in failing to properly hire, supervise, and train Deputies Phillips, Orr, North, Lott, Lt. Crockett and Maj. Door.

## II. Jurisdiction and Venue

3. This Court has jurisdiction over this federal action pursuant to 28 U.S.C. §1331 and 1343(3). Plaintiffs' federal causes of action are authorized by 42 U.S.C. § 1983, which provides redress for the deprivation of federally protected rights under color of law.

4. This Court has supplemental jurisdiction over Plaintiffs' state causes of action pursuant to 28 U.S.C. § 1367. Plaintiffs' state causes of action are authorized by the Oklahoma Governmental Tort Claims Act (GTCA), 51 O.S. § 151, *et seq.*, Oklahoma statutory and common law. Plaintiffs' state claims are so related to Plaintiffs' federal civil rights claims that they form part of the same case and controversy. Plaintiffs have fully complied with the procedural requirements and time limitations of presenting a claim under the GTCA, and this action is timely filed.

5. The Plaintiffs' causes of action accrued because of acts that occurred within the city limits of Wagoner, Oklahoma, in Wagoner County, Oklahoma, which is within the jurisdictional boundaries of the Federal District Court for the Eastern District of Oklahoma, and all Defendants are residents of this judicial district.

## III. Parties

6. The Plaintiffs, John Krueger and Pamela Krueger, are residents of Texas and are the Co-Administrators for the Estate of Jeffery Krueger, Deceased. John Krueger is the decedent's father and Pamela Krueger is the decedent's mother.

7. The Defendant, Board of County Commissioners for Wagoner County, Oklahoma (hereafter "Wagoner County" or simply "County") is the legal entity for bringing legal actions against Wagoner County, pursuant to 19 O.S. § 4. Wagoner County is a political subdivision of the State of Oklahoma located within this judicial district. The County is ultimately responsible for the Wagoner County Sheriff's Department. To be clear, the Board is sued only for the purpose of suing the County and not to name the board commissioners as individual defendants.

8. The Defendant, Wagoner County Sheriff's Department, is an operational component of Wagoner County. WCSD is responsible for the hiring, training, supervision, and firing of deputies who work in the Sheriff's Department. The Sheriff's Department is sued only to the extent necessary to state a claim of negligence for the negligent hiring, training, supervision and retention of officers Kaleb Phillips and Nicholas Orr.

9. The Defendant, Wagoner Emergency Services, Inc. is a for-profit corporation doing business in the County of Wagoner, Oklahoma and is responsible for the hiring, training, supervision and firing of EMT Personnel. Wagoner EMS provides both basic and advanced level health care services, patient care and transport. Wagoner EMS also provides education courses such as CPR, ACLS, PALS, First Aide, EMR Refresher and EMR Classes. Wagoner EMS provides its services under contract with the City of Wagoner, Oklahoma.

10. The Defendant, Jeff Patterson, was employed as an EMT with Wagoner Emergency Services, Inc., at the time of the events giving rise to this Complaint and, upon information and belief, is a resident of Wagoner County, Oklahoma.

11. The Defendant, Alan Smith, was employed as an EMT with Wagoner Emergency Services, Inc., at the time of the events giving rise to this Complaint and, upon information and belief, is a resident of Wagoner County, Oklahoma.

12. The Defendant, Kaleb Phillips, is/was a deputy with the Wagoner County Sheriff's Department and upon information and belief, is a resident of Wagoner County, Oklahoma.

13. The Defendant, Nicholas Orr, is/was a deputy with the Wagoner County Sheriff's Department and upon information and belief, is a resident of Wagoner County, Oklahoma.

14. The Defendant, Drew Craig is/was an officer with the Wagoner Police Department and upon information and belief, is a resident of Wagoner County, Oklahoma.

15. The Defendant, Tyler McFarland is/was an officer with the Wagoner Police Department and upon information and belief, is a resident of Wagoner County, Oklahoma.

16. The Defendant, Clarence Collins is/was an officer with the Wagoner Police Department and upon information and belief, is a resident of Wagoner County, Oklahoma.

17. The Defendant, Corey Nevitt is/was an officer with the Wagoner Police Department and upon information and belief, is a resident of Wagoner County, Oklahoma.

18. The Defendant, Travis Potts is/was an officer with the Wagoner Police Department and upon information and belief is a resident of Wagoner County, Oklahoma.

19. The Defendant, Colby North is/was an officer with the Wagoner County Sheriff's Department and upon information and belief, is a resident of Wagoner County, Oklahoma.

20. The Defendant, Matthew Lott is/was an officer with the Wagoner County Sheriff's Department and upon information and belief, is a resident of Wagoner County, Oklahoma.

21. The Defendant, Elizabeth Crockett is/was an officer with the Wagoner County Sheriff's Department and upon information and belief, is a resident of Wagoner County, Oklahoma.

22. The Defendant, Dustin Door, is/was an officer with the Wagoner County Sheriff's Department and upon information and belief, is a resident of Wagoner County, Oklahoma.

23. The Defendant, Ben Blair is/was an officer with the Wagoner Police Department and upon information and belief, is a resident of Wagoner County, Oklahoma.

24. At all times material to this Complaint, all Defendants were persons acting under color of law within the meaning of 42 U.S.C. § 1983. Wagoner Emergency Services, Inc. was performing a public function under its contract with the City of Wagoner, and defendants Patterson and Smith acted jointly with Deputies Phillips and Orr.

### IV. Factual Statement

25. On July 1, 2019, Mr. Krueger was traveling in Oklahoma from an extended stay in Colorado. He resided in the Denver area most of the time. He was exploring different areas with the possibility of a move later. Mr. Krueger suffered from bipolar disorder.

26. On July 1, 2019, Mr. Krueger stopped at the QuikTrip convenience store at the corner of U.S. Hwy. 69 and State Hwy. 51, in the City and County of Wagoner, Oklahoma. He cleaned the windshield on his car and possibly went inside. He was seen talking to himself by a Wagoner County Deputy Sheriff, who followed him inside the store to observe him. At no time before, during, or after his time in the store did Mr. Krueger commit any crime, nor did the Wagoner County Deputy observe or have probable cause to believe Mr. Krueger had committed, or was committing, a crime.

27. It is believed the Wagoner County deputy called the Sheriff's office dispatch and advised he wanted Mr. Krueger's car pulled over, concluding without an objective, reasonable factual basis, that Mr. Krueger was on drugs.

28. Mr. Krueger left the QuikTrip, got in his car, and got back onto Hwy. 51 heading west bound. It is believed Defendant Wagoner County Deputy Kaleb Phillips pulled him over based on a call from sheriff's dispatch. Mr. Krueger pulled into the middle turn lane.

29. As Deputy Phillips approached the car, he ordered Mr. Krueger to show his hands. Mr. Krueger put his hands out the car window while Deputy Phillips was pointing his pistol at him. Mr. Krueger reportedly started looking through his vehicle, which angered Deputy Phillips who ordered Mr. Krueger out of the car while pointing his pistol at him. Deputy Orr was then present. Both deputies could see that Mr. Krueger was unarmed. Deputy Phillips, Officer Craig, and Officer McFarland (and other named defendants above, though the exact ones are unknown at this time) then assaulted, arrested and handcuffed Mr. Krueger, even though he did not commit any felony or misdemeanor offense in the presence of Deputy Phillips, Officer Craig or Officer McFarland's nor did Deputy Phillips, Officer Craig or Officer McFarland (and other named defendants above, though the exact ones are unknown at this time) have probable cause to believe Mr. Krueger committed a felony or misdemeanor.

30. During the assault on Mr. Krueger, both Deputy Phillips and Wagoner County Deputy Sheriff Orr repeatedly tased Mr. Krueger and Officer McFarland (and other named defendants above, though the exact ones are unknown at this time) intentionally sat on top of him as a specific method and tactic to submit to them while depriving him of air, punching, tasing, handcuffing, and subduing him. It is believed one tasing session lasted 19 seconds. It is also believed both deputies

repeatedly punched Mr. Krueger before and after he was tased and handcuffed. During this vicious assault on him by the deputies, Mr. Krueger was calling out for help and stating he could not breathe. Officer Craig provided the wrist and ankle shackles.

31. Wagoner EMS was called, and EMTs Patterson and Smith assisted in handcuffing and subduing Mr. Krueger. Then, the EMTs stood by and watched as Officer McFarland (and other named defendants above, though the exact ones are unknown at this time) sat on or otherwise got on top of Mr. Krueger, while handcuffed, pinning him belly side down on the asphalt, beating, tasing and suffocating him to death. Instead of providing medical care to Mr. Krueger and using medical skills and training to help him and prevent Deputies Phillips and Orr and Officers Craig and McFarland (and other named defendants above, though the exact ones are unknown at this time) from killing him, EMTs Patterson and Smith acted as law enforcement officers by handcuffing and subduing Mr. Krueger. All state actors have a duty to intervene and stop the use of excessive force. It is clearly established "that a law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983." *Maresca v. Bernalillo County*, 804 F.3d 1301, 1314, (10th Cir., 2015) citing to *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996). "It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985)

32. Mr. Krueger was found to be not breathing and with fixed and dilated pupils on the ground, on Hwy. 51, after being arrested. At no time did Deputies Orr or Phillips or Officers Craig

or McFarland (and other named defendants above, though the exact ones are unknown at this time) stop their use of excessive force on Mr. Krueger after he asked for help and said he couldn't breathe, nor did they or EMTs Patterson and Smith (and other named defendants above, though the exact ones are unknown at this time) render medical aid or care to or assist Mr. Krueger with his cries for help. Mr. Krueger was then loaded into the Wagoner County EMS ambulance with his hands still cuffed behind him. No extremity IV could be inserted because Mr. Krueger's hands and arms were cuffed behind him and Defendant EMTs Patterson and Smith did not insist the handcuffs be released so they could medically care for and treat Mr. Kreuger. No Defendants released his cuffs or otherwise positioned or assisted Mr. Krueger so life saving treatment could occur.

33. Copious amounts of blood and hair pulled from Mr. Krueger were found on the highway where he died. A large amount of Mr. Krueger's blood was also found on the pant legs of Deputy Orr. At the hospital, Mr. Krueger was photographed in a large pool of blood on the bed and bedding under his head, and had dried blood all around his face.

34. During the assault by the defendants, Mr. Krueger suffered conscious pain and suffering, terror, and fear for his life. The medical records note that Mr. Krueger died of blunt force trauma, and chest X-rays confirm he suffered a flail chest. A flail chest is defined as a life threatening condition where multiple adjacent ribs are fractured, in multiple places, causing the ribs to separate from the chest wall.

**FIRST CLAIM FOR RELIEF - DEFENDANTS WAGONER COUNTY; WAGONER COUNTY SHERIFF'S DEPARTMENT; DEPUTY SHERIFF PHILLIPS; DEPUTY SHERIFF ORR; DEPUTY SHERIFF COLBY NORTH; DEPUTY SHERIFF MATTHEW LOTT; LIEUTENANT ELIZABETH CROCKETT; MAJOR DUSTIN DOOR; OFFICER DREW CRAIG; OFFICER TYLER**

**McFARLAND; OFFICER CLARENCE COLLINS, OFFICER COREY NEVITT; OFFICER BEN BLAIR; AND, OFFICER TRAVIS POTTS**
4th Amendment Violation - Illegal Arrest

35. The Plaintiffs incorporate by reference all allegations set forth in the paragraphs above as though fully set forth herein.

36. Mr. Krueger was the subject of a traffic stop by defendants Phillips, Orr, Craig, McFarland, Collins, Nevitt, Potts, Blair, North, Lott, Crockett and Door which is a 4th Amendment search and seizure as a matter of fact and law. In the event the Defendants contend Mr. Kreuger committed a traffic offense in their presence, his stop would have required the issuance of a traffic citation or "summons" to appear in court.

37. Instead, Deputies Phillips and Orr and performed a full custodial arrest at gunpoint and were later assisted by Officers Craig and McFarland (and other named defendants above, though the exact ones are unknown at this time). The display and pointing of firearms at Mr. Krueger by Deputies Phillips and Orr, constitutes the threat of deadly force and is an arrest as a matter of fact and law. The acts of Officers Crag and McFarland (and other named defendants above, though the exact ones are unknown at this time), who helped detain Mr. Kreuger by sitting on him and using handcuffs and wrist/ankle chains to handcuff and shackle him, also caused his illegal arrest.

38. The policies and procedures of Wagoner County and the Wagoner County Sheriff's office allow deputies to point firearms at drivers and offer to use deadly force for minor traffic offenses for which a ticket or summons is required to be issued.

39. The offer of deadly force, and the handcuffing of Mr. Krueger, for a minor traffic offense, for which he should have been issued a traffic citation or summons to appear in court, is an illegal search and seizure. The resulting tasing, beating, torturing and ultimate death of Mr.

Krueger, by the Defendants Phillips, Orr, Craig, McFarland and others, was the direct result of their enforcement of the policies and procedures of the Wagoner County Sheriff's office and Wagoner County, and violated Mr. Krueger's 4th Amendment rights to be free from unreasonable searches and seizures. Such policies and procedures directly caused or contributed to Mr. Krueger's conscious pain, suffering and wrongful death.

40. In the alternative, if the Wagoner County Sheriff's office and Wagoner County, Oklahoma have a policy and procedure that prohibits the pointing of firearms, a full custodial arrest and tasing for minor traffic offenses, then there is an established policy and custom in the office that has ignored this and allowed the use of deadly for traffic offenses to occur. This policy and custom caused the death of Mr. Krueger and was entirely preventable. This policy and custom violated Mr. Krueger's 4th Amendment rights to be free from unreasonable searches and seizures and either directly caused or contributed to Mr. Krueger's conscious pain, suffering and wrongful death. .

**SECOND CLAIM FOR RELIEF - ALL DEFENDANTS**
**4th Amendment Violation - Use of Excessive Force**

41. The Plaintiffs incorporate by reference as though fully set forth herein, all allegations set forth in the paragraphs above.

42. The pointing of firearms and use of deadly force against Mr. Krueger by Defendants Phillips and Orr, and others, who were assisted by Craig and McFarland, and others, and their repeated punching, tasing, handcuffing, the sitting on, suffocating and subduing of Jeffery Krueger ("Decedent"), constituted constitutionally excessive force under the 4th Amendment to the United States Constitution, and directly caused his wrongful death.

43. The detention of the Decedent, and the repeated punching, tasing, handcuffing and subduing, was pursuant to a policy and custom of the Wagoner County Sheriff's Office.

44. In helping to handcuff and subdue Mr. Krueger, while Defendants Phillips, Orr, Craig and McFarland and others arrested, repeatedly punched, tased, handcuffed and sat on, suffocated and subdued Jeffery Krueger, Defendants Patterson and Smith acted jointly with defendants Phillips and Orr and others, employed constitutionally excessive force, and directly caused and contributed to Mr. Krueger's wrongful death.

45. The acts of Defendants Patterson and Smith, in helping to handcuff and subdue Mr. Krueger, while Defendants Phillips and Orr and others arrested, repeatedly punched, tased, handcuffed and sat on, suffocated and subdued Jeffery Krueger was pursuant to a policy and custom of their employer Wagoner County EMS and violated Mr. Krueger's 4th Amendment rights to be free from unreasonable searches and seizures which directly caused and contributed to his conscious pain, suffering and wrongful death.

46. Furthermore, the acts of Defendants Patterson and Smith, who observed excessive, deadly force being used on Mr. Krueger, who did not intervene to prevent the excessive force and to offer Mr. Kreuger needed medical care and treatment, violated Mr. Krueger's 4th Amendment rights to be free from unreasonable searches and seizures which directly caused and contributed to his conscious pain, suffering and wrongful death.

**THIRD CLAIM FOR RELIEF – DEFENDANTS WAGONER COUNTY
AND WAGONER COUNTY SHERIFF'S DEPARTMENT
4th Amendment Violation – Inadequate Training and Supervision**

47. As detailed herein, defendants Phillips, Orr, Collins, Craig, McFarland, Nevitt, Potts, North, Lott, Crockett, Blair and Door employed constitutionally excessive force in causing the death of Jeffery Krueger.

48. The Defendant Wagoner County and its Sheriff's Office failed to provide adequate training and supervision to Wagoner County Sheriff's Deputies in the proper procedures for the handling of a minor traffic violation and in the proper procedures for the recognition and handling of persons with mental illness.

49. The use of excessive force by Defendants Phillips, Orr, Craig and McFarland and others arose under circumstances that constitute usual and recurring situations for law enforcement officers. Minor traffic offenses are common, and dealing with individuals with mental illness is likewise a recurring situation for law enforcement officers.

50. Wagoner County and its Sheriff's Department were deliberately indifferent to the need for training and supervision regarding minor traffic stops and dealing with mentally ill individuals in that they knew or should have known that such a failure to train and supervise was likely to result in constitutional violations.

51. There is a direct causal link between the County's failure to train and supervise its Sheriff's Deputies and the excessive force that caused Mr. Krueger's death.

**FOURTH CLAIM FOR RELIEF – DEFENDANTS WAGONER EMERGENCY SERVICES, INC.; PATTERSON; AND SMITH**
**Medical Negligence and Wrongful Death**

52. The Plaintiffs incorporate by reference as though fully set forth herein all of the allegations set forth in the paragraphs above.

53. The actions of defendants Patterson and Smith in assisting defendants Phillips and Orr restrain Mr. Krueger, in failing to intervene and prevent the killing of Mr. Krueger, and in failing to provide appropriate treatment to Mr. Krueger, is medical negligence as to Mr. Kreuger.

54. Defendant Wagoner Emergency Services, Inc. was negligent in its hiring, training, supervision, and retention of defendants Patterson and Smith.

55. At the time of the events alleged herein, defendants Patterson and Smith were employed by Wagoner Emergency Services, Inc. and acting within the scope of employment.

56. The negligence of defendants Wagoner Emergency Services, Inc., Patterson and Smith were a proximate cause of the death of Jeffrey Krueger, and constitutes a wrongful death.

57. As a result of the negligence of these defendants, Mr. Krueger suffered conscious pain and suffering, and plaintiffs have suffered damages from Mr. Krueger's wrongful death.

**FIFTH CLAIM FOR RELIEF – DEFENDANTS WAGONER COUNTY AND WAGONER COUNTY SHERIFF'S DEPARTMENT**
**Negligence and Wrongful Death Under Oklahoma Governmental Tort Claims Act**

58. Plaintiffs incorporate by reference as though fully set forth herein, all of the allegations set forth in the paragraphs above.

59. Wagoner County and the Wagoner County Sheriff's Office were negligent in the hiring, training, supervision and retention of the Defendants Kaleb Phillips, Nicholas Orr, Colby North, Matthew Lott, Elizabeth Crockett and Dustin Door.

60. Defendants Kaleb Phillips, Nicholas Orr, Colby North, Matthew Lott, Elizabeth Crockett and Dustin Door were acting within the scope of their employment with Wagoner County and the Wagoner County Sheriff's Department at all times material to this Amended Complaint.

61. Defendants Drew Craig, Tyler McFarland, Clarence Collins, Corey Nevitt, Ben Blair and Travis Potts were acting within the scope of their employment with the Wagoner Police Department at all times material to this Amended Complaint.

62. The Plaintiffs have met all the notice requirements of the Oklahoma Governmental Tort Claims Act with respect to this claim of negligent conduct by a governmental subdivision of the State of Oklahoma. Plaintiffs' governmental tort claim was timely filed and the instant lawsuit was timely filed after denial of the tort claim.

**SIXTH CLAIM FOR RELIEF – DEFENDANTS WAGONER COUNTY AND WAGONER COUNTY SHERIFF'S DEPARTMENT; WAGONER EMERGENCY SERVICES, INC.; PATTERSON; SMITH; ORR; PHILLIPS; CRAIG; McFARLAND; COLLINS; NEVITT; POTTS; NORTH; LOTT; CROCKETT; BLAIR; AND, DOOR**
**Assault and Battery**

63. Plaintiffs incorporate by reference as though fully set forth herein, all of the allegations set forth in the paragraphs above.

64. The acts and conduct of Defendants Phillips, Orr, Patterson, Smith, Craig, McFarland, Collins, Nevitt, Potts, North, Lott, Crockett, Blair and Door as set forth in this Third Amended Complaint constitute the tort of assault and battery under Oklahoma state law and the common law. The Defendants' use of force, at times during the detention, arrest and handcuffing of Mr. Kreuger, were so excessive, malicious, willful and wanton, and a usurpation of the power lawfully vested in them, as to cause the death of Mr. Krueger, for which the Defendants can alternatively be found as acting outside the scope of their employment and be individually liable. See *DeCorte v.Robinson*, 1998 OK 87, 969 P.2d 358, *Nail v. City of Henryetta*, 1996 OK 12, 911 P.2d 914 and *Burgin v. Leach*, 2014 OK CIV APP 18, 320 P.3d 33.

65. At all times material to this Third Amended Complaint, Defendants Phillips, Orr, North, Lott, Crockett and Door employed by Wagoner County and the Wagoner County Sheriff's Department.

66. At all times material to the Third Amended Complaint, Defendants Patterson and Smith were employed by Wagoner Emergency Services, Inc.

67. At all times material to this Third Amended Complaint, Defendants Craig, McFarland, Collins, Nevitt, Blair and Potts were employed by the Wagoner Police Department.

68. Plaintiffs timely filed a notice of tort claim under the Oklahoma Governmental Tort Claims Act with Wagoner County asserting the assault and battery of defendants Phillips and Orr, and this action is timely filed following the denial of that claim.

69. As a result of the unlawful assault and battery committed upon Jeffrey Krueger by Defendants Phillips, Orr, Patterson, Smith, Craig, McFarland, Collins, Nevitt, Potts, North, Lott, Crockett, Blair and Door, Mr. Krueger suffered conscious pain and suffering, and plaintiffs suffered damages in the form of the wrongful death of Mr. Krueger.

## V. Relief Requested

The Plaintiffs respectfully request the following relief:

A. A declaratory judgment finding that the Defendants' conduct as alleged herein violated the Decedent's right to be free from unreasonable seizure, arrest, and force as guaranteed by the 4th Amendment to the United States Constitution.

B. An award of compensatory damages for pain and suffering, wrongful death and all other pecuniary and non-pecuniary damages, jointly and severally against all Defendants, in the amount of $10,000,000.00.

C. An award of punitive and exemplary damages against the individual Defendants Phillips, Orr, Patterson, Smith, Craig and McFarland in the amount of $10,000,000.00 each, for their willful, intentional, and malicious violation and/or deliberate indifference to the Decedent's rights, which directly caused his death, pursuant to Okla.Stat. tit. 23, §9.1(D), to deter the Defendants and others from engaging in similar unlawful conduct and to serve as an example to others.

D. An award of the costs of this action, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 1988, and any other fee-shifting provision of law.

E. All such other and further legal and equitable relief to which the Plaintiffs may be entitled.

                                                Respectfully submitted,

/s/ Mark D. Lyons
Mark D. Lyons, OBA#5590
LYONS & CLARK, INC.
616 S. Main, Suite 201
Tulsa, Oklahoma 74119-1260
Telephone: (918) 599-8844
Facsimile: (918) 599-8585
Email: lyonscla@swbell.net
**Attorneys for the Plaintiffs**

Attorney's Lien Claimed
Jury Trial Demanded

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on the 28th day of June, 2021, a true and correct copy of the above and foregoing *Third Amended Complaint* was transmitted via electronic transmission through the CM/ECF System, to the following:

Randall J. Wood - rwood@piercecouch.com
Robert S. Lafferrandre - rlafferrandre@piercecouch.com
Thomas A. LeBlanc - tleblanc@bestsharp.com
Jordan L. Berkhouse - jberkhouse@bestsharp.com
Stephen L. Geries - slg@czwlaw.com
Taylor M. Riley - tmr@czwlaw.com
Jeffrey C. Hendrickson - jhendrickson@piercecouch.com

                   s/ Mark D. Lyons