IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  JOHN KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>(1)  BOARD OF COUNTY COMMISSIONERS FOR WAGONER COUNTY, OKLAHOMA, a/k/a WAGONER COUNTY, OKLAHOMA, *et al.*;<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-21-044-RAW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS NORTH, LOTT, CROCKETT AND DORR'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendants Caleb North, individually ("North"); Matthew Lott, individually ("Lott"); Elizabeth Crockett, individually ("Crockett"); and Dustin Dorr,[1] individually ("Dorr") (collectively "these Defendants") submit this Motion to Dismiss the claims against them as set forth in Plaintiffs' Third Amended Complaint [Dkt. 72], pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### BRIEF IN SUPPORT

### STATEMENT OF THE CASE

In their Third Amended Complaint, Plaintiffs allege that on July 1, 2019, Decedent Jeffrey Krueger ("Decedent") had an encounter with EMTs and law enforcement personnel from the City of Wagoner Police Department ("WPD") and the Wagoner County Sheriff's Office ("WCSO") that ultimately caused Decedent's death. [Dkt. 72, ¶¶ 1-2, 25-34]. Plaintiffs bring claims for alleged federal constitutional and state law violations against: the Board of County

---

[1] In their Third Amended Complaint [Dkt. 72], Plaintiffs referred to this Defendant as "Dustin Door." However, the proper spelling of Defendant's last name is "Dustin Dorr." This Motion will use the correct name and spelling for Defendant Dorr.

Commissioners for Wagoner County; WCSO; Wagoner Emergency Services ("Wagoner EMS"); and fourteen (14) individual Defendants. More specifically, of those fourteen (14) individual Defendants, two (2) are Wagoner EMS EMTs (Jeff Patterson and Alan Smith), six (6) are alleged WPD law enforcement personnel,[2] and six (6), including Defendants North, Lott, Crockett and Dorr are alleged WCSO law enforcement personnel.[3] [*See generally* Dkt. 72].

Plaintiffs have asserted three (3) causes of actions against these Defendants, two (2) of which are 42 U.S.C. § 1983 claims for alleged violations of Decedent's Fourth Amendment constitutional rights [Dkt. 72, ¶¶ 38-40, 43] and a state law assault and battery claim [Dkt. 72, ¶¶ 64-69]. However, Plaintiffs have wholly failed to state a 42 U.S.C. § 1983 or state law claim against these Defendants and Plaintiffs' assault and battery claims are time-barred. As such, Plaintiffs' claims against these Defendants should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, as discussed in detail below.

## STANDARD OF REVIEW

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff. *Warnick v. Cooley*, 895 F.3d 746, 750-51 (10th Cir. 2018). In this regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face,' not just 'conceivable.'" *Warnick*, 895 F.3d at 751 (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

---

[2] Defendants Jeff Patterson and Alan Smith are the alleged Wagoner EMS EMTs. [Dkt. 72, ¶¶ 10-11]. Further, Plaintiffs allege Defendants Drew Craig, Tyler McFarland, Clarence Collins, Corey Nevitt, Travis Potts and Ben Blair are police officers from WPD. [Dkt. 72, ¶¶14-18, 23].

[3] The other individual alleged WCSO personnel Defendants are Kaleb Phillips and Nicholas Orr. [Dkt. 72, ¶¶ 12-13].

U.S. at 555. In other words, plaintiffs must allege sufficient facts to "nudge" their claim "across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021); *see also Twombly*, 550 U.S. at 570 (when plaintiffs allegations do not "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed"). "Allegations that are 'merely consistent with a defendant's liability' stop short of that line." *Brooks*, 985 F.3d at 1281 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The court need not credit "naked assertions" or "[b]ald accusations" when considering a plaintiff's complaint for 12(b)(6) purposes. *Brooks*, 985 F.3d at 1281-82 (assertions such as "'defendant violated the law,' 'defendant failed to exercise reasonable care,' and the like will not support a claim for relief"). Similarly, legal conclusions and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" do not suffice to survive a 12(b)(6) motion. *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678-79); *see also Warnick*, 895 F.3d at 751. Indeed, when examining a plaintiff's complaint under Rule 12(b)(6), the court must "'disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.'" *Alpenglow*, 894 F.3d at 1195 (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "Stated differently, '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Iqbal*, 556 U.S. 678)).

## ARGUMENT & AUTHORITY

I. **PLAINTIFFS HAVE FAILED TO STATE A PLAUSIBLE 42 U.S.C. § 1983 CLAIM AGAINST THESE DEFENDANTS.**

In Count One of their Third Amended Complaint, Plaintiffs allege Decedent's constitutional right to be free from unreasonable searches and seizures under the Fourth Amendment was violated by the Board, WCSO, these Defendants, and all other law enforcement personnel Defendants. [Dkt. 72, ¶¶ 35-40]. Similarly, in Count 2 of their Third Amended Complaint, Plaintiffs purport to bring a Fourth Amendment excessive force claim against all Defendants. [Dkt. 72, ¶¶ 41-46]. These claims are necessarily brought pursuant to 42 U.S.C. § 1983. Section 1983 creates no substantive civil rights, but rather only provides a procedural mechanism for enforcing rights established elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). However, Plaintiffs have failed to state a claim for violation of their constitutional rights under § 1983, and their § 1983 claims against these Defendants should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Indeed, "'[t]o state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he or she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.'" *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). In this regard, personal participation is essential to find liability. As such, in order to establish liability under § 1983 against these Defendants, Plaintiffs must allege that Defendants North, Lott, Crockett and Dorr acted under color of state law AND Plaintiffs must set out how they each personally participated in the alleged constitutional violation(s). *See Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007); *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).

In other words, for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007) (police officer who was present at scene but didn't assist or direct other officer in removing arrestee from vehicle and didn't personally participate in restraining arrestee didn't violate Fourth Amendment). Accordingly, Plaintiffs must allege "a deliberate, intentional act" by each of these Defendants "to violate constitutional rights." *Id.* at 994-95. Further, "'[l]iability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant and not upon mere negligence.'" *Murrell v. School Dist. No. 1, Denver, Colo.,* 186 F.3d 1238, 1250 (10th Cir. 1999) (quoting *Woodward v. City of Worland,* 977 F.2d 1392, 1399 (10th Cir. 1992)).

Additionally, in § 1983 cases, because "named defendants often include a governmental entity and numerous state actors, 'it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom,*'" so that each individual and/or governmental entity has "'fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.'" *Gray v. Univ. of Colorado Hosp. Auth.*, 672 F.3d 909, 921 n.9 (10th Cir. 2012) (quoting *Robbins v. Okla.,* 519 F.3d 1242, 1250 (10th Cir. 2008)); *see also Bryson v. Gonzales*, 534 F.3d 1282, 1290 (10th Cir. 2008). Plaintiffs bear the burden to provide fair notice of the grounds for the claims made against each of the defendants. *Robbins*, 519 F.3d at 1250. And, if a complaint fails to isolate the alleged unconstitutional acts of each defendant, it does not provide adequate notice as to the nature of the claims against each. *Id*. In other words, in § 1983 actions with "multiple claims against multiple defendants, a complaint must isolate the allegedly unlawful acts of "each defendant"" or

else "defendants have no way of knowing 'what particular unconstitutional acts they are alleged to have committed.'" *Gray*, 672 F.3d at 921 n.9 (quoting *Robbins*, 519 F.3d at 1250).

Indeed, in *Robbins*, the Tenth Circuit reversed the lower court's denial of a motion to dismiss in a 42 U.S.C. § 1983 case, stating that "[g]iven the complaint's use of either the collective term 'defendants' or a list of defendants' named individually, but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*. Similarly, in *Bryson v. Gonzales*, the plaintiff's complaint did not allege any personal participation by the defendant police chief in the alleged constitutional violation. *Bryson*, 534 at 1286-90. And, although there were some conclusory allegations simply naming the "Defendants" generically, the Tenth Circuit noted that this was insufficient to determine what facts the plaintiff meant to allege about the defendant police chief's conduct. *Id*. at 1290. Therefore, the Tenth Circuit ultimately upheld the district court's granting of the police chief defendant's motion to dismiss for failure to state a claim. *Id*. at 1290.

Here, like the plaintiffs in *Bryson* and *Robbins*, Plaintiffs' Third Amended Complaint also wholly fails to give Defendants North, Lott, Crockett or Dorr fair notice of precisely what alleged acts or omissions are being asserted against them. In fact, Plaintiffs' Third Amended Complaint is entirely devoid of any individualized allegations indicating that Defendants North, Lott, Crockett or Dorr took any individual action to violate Decedent's constitutional rights. Instead, Plaintiffs merely make broad, conclusory, vague, non-specific, and collective allegations against "other named defendants above, though the exact ones are unknown at this time" or "others." [Dkt. 72, ¶¶ 29-32, 37, 42, 44-45, 49]. As such, Plaintiffs' allegations amount to little more than a conclusory recitation of the elements of a claim. However, as the U.S. Supreme

Court stated in *Iqbal*, *supra*, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Iqbal* at 678.

Accordingly, Plaintiffs have failed to state a 42 U.S.C. § 1983 claim against Defendants North, Lott, Crockett or Dorr that is plausible on its face or which rises above a speculative level and such claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. THESE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Defendants North, Lott, Crockett and Dorr are also entitled to qualified immunity with regard to Plaintiffs' 42 U.S.C. § 1983 claims against them. Qualified immunity is an affirmative defense that provides complete immunity to suit in a § 1983 action. *Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995). A defendant sued in a § 1983 action in his individual capacity is "entitled to qualified immunity unless it is demonstrated that [his] conduct violated clearly established constitutional rights of which a reasonable person in [his] position would have known." *Murrell*, 186 F.3d at 1251. Plaintiffs bear the burden to demonstrate that each of these Defendants' actions violated a constitutional right, and that the right allegedly violated was clearly established at the time the conduct occurred. *Doe v. Woodard*, 912 F.3d 1278, 1289 (10th Cir. 2019), *cert. denied sub nom.,* 139 S.Ct. 2616 (2019). Essentially, qualified immunity provides protection to individual defendants unless their actions were plainly incompetent, or they knowingly violated the law. *Id.*

To plead a plausible claim in cases subject to a qualified immunity defense that is sufficient to survive a motion to dismiss, plaintiffs must allege facts sufficient to show, if true, that defendants plausibly violated plaintiffs' clearly established constitutional rights. *Robbins,* 519 F.3d at 1249; *see also Doe*, 912 F.3d at 1289 (quoting *Green v. Post*, 574 F.3d

1294, 1300 (10th Cir. 2009)) ("A motion to dismiss based on qualified immunity imposes the burden on the plaintiff to show 'both that [1] a constitutional violation occurred and [2] that the constitutional right was clearly established at the time of the alleged violation.'"). If no constitutional right was violated based on the facts alleged, the analysis of whether these Defendants are entitled to qualified immunity ends there, and the claim should be dismissed. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001), *overruled in part, Pearson v. Callahan*, 555 U.S. 223 (2009). If a constitutional violation can be made out based on the facts alleged, then the analysis turns on whether the rights allegedly violated were clearly established and whether it would be clear to a reasonable person in each of these Defendants' position that their conduct violated Decedent's rights. *Saucier*, 533 U.S. at 202.

Here, as discussed in Proposition I above, Plaintiffs have wholly failed to allege sufficient facts to demonstrate that any of these Defendants personally participated in the violation of Decedent's clearly established constitutional rights. Accordingly, Defendants North, Lott, Crockett and Dorr are entitled to qualified immunity and Plaintiffs' § 1983 claims against them should be dismissed.

### III. PLAINTIFFS' ASSAULT AND BATTERY CLAIM FAILS AS A MATTER OF LAW.

In Count Six of their Third Amended Complaint, Plaintiffs assert a state-law claim for assault and battery against all named Defendants. [Dkt. 72, ¶¶ 63-69]. However, under Oklahoma law the statute of limitations for an assault and battery claim is one year. *See* Okla. Stat. tit. 12, § 95(A)(4); *see also Hall v. Okla. Dep't of Human Servs.*, 15-CV-0670-CVE-TLW, 2016 WL 2903266, at *9 (N.D. Okla. May 18, 2016).[4] In their Third Amended Complaint,

---

[4] This unpublished opinion was previously attached to Defendants Wagoner County Sheriff's Department's and Board of County Commissioners for Wagoner County, Oklahoma's Motion to

however, Plaintiffs allege the incident at issue occurred on July 1, 2019 [Dkt. 72, ¶¶ 25-32], meaning Plaintiffs' deadline to file suit on their assault and battery claim was July 1, 2020. However, Plaintiffs did not file suit until February 16, 2021 [Dkt. 2], well over seven (7) months after their deadline to do so. As such, Plaintiffs' assault and battery claim is outside the statute of limitations and should, therefore, be dismissed as time-barred.

Furthermore, even if Plaintiffs' assault and battery claim was not time-barred, they still fail to state any such claim against these Defendants. Indeed, to establish a claim for assault under Oklahoma law requires a plaintiff to show: "(1) that the defendant acted 'intending to cause a harmful or offensive contact with the person . . . or an imminent apprehension of such a contact,' and (2) the other person 'is thereby put in such imminent apprehension.'" *Hall*, 2016 WL 2903266, at *9 (N.D. Okla. May 18, 2016) (quoting *Allen v. Town of Colcord*, 874 F.Supp.2d 1276, 1291 (N.D. Okla. 2012)). Further, "[u]nder Oklahoma law, a battery occurs when the defendant acts with the intent of making a harmful or offensive contact with the person of the plaintiff and the act results in a harmful or offensive contact." *Courtney v. Okla. ex rel., Dep't of Pub. Safety*, 722 F.3d 1216, 1228 (10th Cir. 2013).

Here, Plaintiffs' only allegation as to these Defendants relating to Count Six of their Third Amended Complaint are that their (and all other individual Defendants') "acts and conduct . . . as set forth in this Third Amended Complaint constitute the tort of assault and battery." [Dkt. 72, ¶ 64]. However, there are no individualized facts alleged anywhere in Plaintiffs' Third Amended Complaint which set out what acts or omissions each of these Defendants committed that could possibly constitute an assault or battery of Decedent. [*See generally* Dkt. 72]. Rather, Plaintiffs, instead, make non-specific, collective allegations about purported actions taken by

---

Dismiss at Dkt. 91-3.

9

"other named defendants above, though the exact ones are unknown at this time" or "others" [Dkt. 72, ¶¶ 29-32]. Indeed, there are no allegations that Defendants North, Lott, Crockett and Dorr ever even touched Decedent, much less physically assaulted or battered him. [Dkt. 72, ¶¶ 29-32]. So, clearly, there are not sufficient allegations to raise a right to relief above the speculative level for assault and battery against these Defendants. *Twombly*, 550 U.S. at 555. Instead, Plaintiffs' allegations amount to little more than a conclusory recitation of the elements of a claim, which is insufficient to survive a motion to dismiss. *Alpenglow*, 894 F.3d at 1195; *Brooks*, 985 F.3d at 1281-82. Thus, Plaintiffs have failed to state an assault and/or battery claim against Defendants North, Lott, Crockett and Dorr, and such claims must therefore be dismissed pursuant to Fed. R. Civ. 12(b)(6).

## COMPLIANCE WITH LOCAL RULE 7.1(O)

Defendants North, Lott, Crockett and Dorr contend that any further amendment to Plaintiffs' Third Amended Complaint would be futile as the deficiencies discussed herein cannot be cured by further amendment. Indeed, Plaintiffs' Third Amended Complaint is devoid of any individualized allegations indicating that any of these Defendants took any individual action to violate Decedent's constitutional rights or otherwise harm him. As such, Plaintiffs failed to state any claim against these Defendants that is plausible on its face or which rises above a speculative level. These Defendants further contend that Plaintiffs cannot truthfully amend their factual allegations in good faith to make out any such plausible claims.

Also, since Plaintiffs' assault and battery claims are time-barred and Defendants North, Lott, Crockett and Dorr are otherwise entitled to qualified immunity as to Plaintiffs' 42 U.S.C. § 1983 claims, Plaintiffs, again, cannot truthfully or in good faith amend their Third Amended

Complaint to allege sufficient facts to support any claims against these Defendants under state law or under 42 U.S.C. § 1983.

## CONCLUSION

WHEREFORE, premises considered, Defendants Caleb North, Matthew Lott, Elizabeth Crockett and Dustin Dorr respectfully request the Court to grant this Motion and to dismiss Plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

s/ Taylor M. Riley
Stephen L. Geries, OBA No. 19101
Taylor M. Riley, OBA No. 33291
COLLINS ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone:   (405) 524-2070
Facsimile:   (405) 524-2078
Email:   slg@czwlaw.com
         tmr@czwlaw.com

***ATTORNEYS FOR DEFENDANTS CALEB NORTH, MATTHEW LOTT, ELIZABETH CROCKETT AND DUSTIN DORR***

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Mark D. Lyons
    Lyons & Clark, Inc.
    616 S. Main, Suite 201
    Tulsa, OK 74119-1260

    ***Attorneys for Plaintiffs***

Robert S. Lafferrandre
Randall J. Wood
Jeffrey C. Hendrickson
Pierce Couch Hendrickson
  Baysinger & Green, LLP
1109 N. Francis Avenue
Oklahoma City, OK 73106

*Attorneys for Defendants Nicholas Orr and Kaleb Phillips*

Thomas A. LeBlanc
Jordan L. Berkhouse
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103

*Attorneys for Defendants Jeff Patterson, Alan Smith, Drew Craig, Tyler McFarland, Clarence Collins, Corey Nevitt, Travis Potts and Ben Blair*

                                              s/ Taylor M. Riley
                                              Taylor M. Riley