# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) JOHN KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger and

(2) PAMELA KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger

                Plaintiffs,

vs.

(1) BOARD OF COUNTY COMMISSIONERS FOR WAGONER COUNTY, OKLAHOMA, a/k/a WAGONER COUNTY, OKLAHOMA; et al.

                Defendants.

Case No. 21-CV-044RAW

## PLAINTIFFS' RESPONSE TO DEFENDANTS NORTH, LOTT, CROCKETT AND DORRS' MOTION TO DISMISS

COME NOW the Plaintiffs, John Krueger and Pamela Krueger, by and through their attorney of record, Mark D. Lyons, and for their Response to Defendants North, Lott, Crockett and Dorrs' Motion to Dismiss (Doc. 112), state as follows:

## INTRODUCTION

This case involves the events surrounding and the death of Jeffery Krueger on July 1, 2019. This is an action under the Federal Civil Rights Act, 42 U.S.C. § 1983 *et seq*., the Oklahoma Governmental Tort Claims Act and the statutory and common law of Oklahoma for the brutal and senseless killing of Jeffery Krueger by Wagoner County Sheriff's Deputies, members of the Wagoner County Police Department and responding emergency medical technicians. While in the custody of the Wagoner County Sheriff's Department, Jeffery Krueger was beaten, tased and/or suffocated to death by members of law enforcement through the use of grossly excessive force and

without just cause.  Defendants North, Lott, Crockett and Dorr (collectively referred to as "Deputy Defendants") acted jointly with other members of law enforcement in causing the death of Jeffery Krueger.

I. **THE PLAINTIFFS HAVE STATED SUFFICIENT FACTS IN THE THIRD AMENDED COMPLAINT FOR A 42 U.S.C. §1983 CLAIM ALONG WITH TWO REAL TIME BODY CAM VIDEOS OF THE REAL TIME BEATING, HANDCUFFING AND TORTURE OF MR. KRUEGER TO DEATH TO SATISFY ALL PLEADING REQUIREMENTS.  SEE DKT. #115 ALSO.**

The Deputy Defendants have moved to dismiss the Plaintiffs' case pursuant to F.R.C.P. 12(b)(6).  First and foremost, the law is exceptionally clear that motions to dismiss are viewed with disfavor.  The standard by which to judge a motion to dismiss is whether it alleges a plausible claim.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

All that is required for a complaint under FRCP 8(a)(2) is a "short and plain statement of the claim showing that the pleader is entitled to relief."

> As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations", but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

*Ashcroft v. Iqbal, supra,* 556 U.S. at 678. The standard for considering an FRCP 12(b)(6) motion for a federal civil rights case is set forth in *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 2018 U.S. Dist. LEXIS 143229, *25 (N.D. Okla., August 23, 2018),

> "In order to survive a Rule 12(b)(6) motion to dismiss a § 1983 claim, a plaintiff must allege (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." See *Beedle v. Wilson*, 422 F.3d 1059, 1064-65 (10th Cir. 2005) (internal citations omitted). Acting "under color of any statute . . . " is known as "state action."

The Third Amended Complaint in this case notes almost four full pages of fact based claims for how Jeffery Krueger was brutalized and ultimately killed by the Defendants and how those facts fit the analysis of the criteria above. The complaint has now been supplemented with two body cam videos of the real time beating, handcuffing, tasing and suffocation death of Mr. Krueger while other officers did nothing, submitted on August 12th, 2021 with the *Plaintiff's Response to Defendant Wagoner County Sheriff's Department and Board of County Commissioners for Wagoner County Oklahoma's Motion to Dismiss* (Dkt. #115). These detailed factual allegations are far more than what FRCP 8(a) requires and are not unadorned, the-defendant-unlawfully-harmed-me accusations, "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do" which makes a complaint subject to dismissal. See *Iqbal* and *Twombly, supra.* To the extent the individual actors in the videos have not yet been identified, the horrific facts speak for themselves of how Mr. Krueger was brutally killed. Discovery simply needs to put the names with the faces, assuming the Defendants will truthfully admit who is seen in the videos. The allegations in the complaint, combined with the body cam videos, are fact specific from which this Court can

determine the Plaintiffs have valid claims. There is nothing factually insufficient about the complaint making it subject to dismissal.

A motion to dismiss tests or challenges the law and not the facts. The Tenth Circuit Court of Appeals has held:

> In reviewing such a 12(b)(6) motion, we accept as true all well pled allegations, resolving all doubts in favor of the complainants. Such a motion will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2L.Ed.2d 80 (1957). A motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted." *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).

*Lone Star Industries, Inc. v. Horman Family Trust*, 960 F.2d 917, 920 (10th Cir. 1992). If relief is possible under ***any*** set of facts that are consistent with the allegations, the motion to dismiss must be denied.

Where a defendant facially attacks the sufficiency of the complaint's subject matter allegations, the analysis of the motion to dismiss requires the Court to presume all of the allegations in the complaint to be true. *Ruia v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) and *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). This is the same standard of review applied to motions arising under F.R.C.P. 12(b)(6). See also *Alvarado v. KOB-TV, L.L.C.*, 493 F.3D 1210, 1215 (10th Cir. 2007)

> In considering a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957)).

*Williams Field Services Group, LLC v. GE International, Inc.*, 2009 U.S. Dist. LEXIS 4723, 7-8 (N.D. Okla. 2009).

The movants bear the substantial burden of showing there are no set of facts that would entitle the Plaintiffs to recover. "The moving party bears the burden of showing that the claimant cannot prove any set of facts which would entitle him to relief." *Raynor Manufacturing Co. v. Raynor Door Co.*, 2008 U.S. Dist LEXIS 26932, 3-4 (D. Kan. 2008). Thus, the Court must accept the Plaintiffs' allegations as true.

## II. THE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM DUE TO THE LACK OF SPECIFICITY AND INDIVIDUALITY OF THE CLAIMS BROUGHT AGAINST OFFICERS NORTH, LOTT, CROCKET, AND DORR SHOULD BE DENIED UNTIL DISCOVERY IS COMPLETED.

The Defendants North, Lott, Crockett and Dorr all move to dismiss the complaint because they claim the 4th Amendment illegal search and seizure and excessive force counts don't specify the acts they committed in the torture and death of Jeffrey Krueger. All the court needs to do is watch the videos submitted with Dkt. #115 and the deadly actions are clearly visible. It is only the names that can't yet be matched with the acts as discovery has only been submitted to the Defendants but none have answered.

"'Federal policy favors broad discovery in civil rights actions.' *Inmates of Unit 14*, 102 F.R.D. at 128 (citing *Kinoy v. Mitchell*, 67 F.R.D. 1, 12 (S.D.N.Y. 1975)). 'It has been strongly stated that suits under 42 U.S.C. § 1983 should be resolved by a determination of the truth rather than a determination that the truth shall remain hidden.' *Id*." *Cameron v. Menard*, 2021 U.S. Dist. LEXIS 125565, *5 (D. Vermont, July 6, 2021). See also *Tinal v. Norton Healthcare, Inc.*, 2014 U.S. Dist.

LEXIS 191995, *11, (W.D. Ky., July 14, 2014), "First, no question exists in the Court's mind that discovery in a federal civil rights action is intended to be broad in scope."

"Discovery's scope under rule 26 is broad. See *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004)(Browning, J.)("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."). The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947)." *Kennicott v. Sandia Corp.*, 2019 U.S. Dist. LEXIS 14508, *17, (D.N.M., January 30, 2019).

In the event this Court is seriously considering the Defendants' motion, the Plaintiffs ask for time to conduct discovery to determine exactly which Defendants are seen in the two real time videos of the torture and death of Mr. Krueger and to find out the reasons for why they beat, tased, assaulted and battered Mr. Krueger to death, or why the officers sat by and refused to intervene and help him when Mr. Krueger cried out for help.

### III.     THESE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

The Deputy Defendants claim they are entitled to the defense of qualified immunity. The Deputy Defendants cannot possibly prove entitlement to dismissal due to qualified immunity as discovery has just started and there are multiple material facts in dispute.

In this case, the Deputy Defendants simply can't prove that in a motion to dismiss. Such proof would clearly require discovery, deposition testimony and the disclosure of dash cam and body camera videos, which have been requested but not all have been produced. Discovery was only

allowed to commence beginning on July 16, 2021 (see Order, Dkt. #95). The Deputy Defendants have not produced their initial disclosures. There can be no granting of the Deputy Defendants' motion to dismiss on qualified immunity grounds without sufficient discovery.

Further, the Deputy Defendants assert, "A defendant sued in a § 1983 action in his individual capacity is 'entitled to qualified immunity unless it is demonstrated that [his] conduct violated clearly established constitutional rights of which a reasonable person in [his] position would have known.'"

Plaintiffs' excessive force claim is based on the Defendants' violation of Jeffery Krueger's constitutional rights pursuant to the Fourth Amendment's prohibition against unreasonable seizure of the person. Simply put, the videos submitted with Dkt. #115 clearly show the incessant, brutal torture and death of Mr. Krueger. Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham v. Connor*, 490 U.S. 386 (1989). Relevant considerations include: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id*.

In this case, Jeffery Krueger was pulled over by Defendant Phillips for reasons unknown, but it is assumed at this time to be a simple traffic violation, a misdemeanor. No evidence suggests he committed a felony or was suspected of committing a felony. Since Defendants in this case have not yet answered discovery for the legal and factual basis for the assault, torture, hog-tying and then further beating and suffocation of Mr. Krueger while handcuffed, the information that has been revealed and the body cam footage shows Mr. Krueger stopped his vehicle in response to the

initiation of the traffic stop. At the very least, there has never been a claim Mr. Krueger committed or was suspected of committing a murder, armed robbery, rape or other violent offense. The worse offense he committed was maybe a non-jailable traffic offense. The severity of the suspected crime is non-existent.

The second question asks whether or not Mr. Krueger was an immediate threat to the officers. Body-cam video "accidentally" starts recording the Wagoner County Deputies, Wagoner Police Officers, and Wagoner EMS employees fighting with and beating Mr. Krueger on the highway right next to his running vehicle. However, the video evidence of the Defendants' actions and use of force, after Mr. Krueger was hand-cuffed and hog-tied is considered unreasonable and has clearly been established to be unconstitutional. See *Weigel v. Broad*, 544 F.3d 1143 (10th Cir. 2008), *Cruz v. City of Laramie*, 239 F.3d 1183(10th Cir. 2001).

A person defending himself from excessive officer force or responding to officers' conduct presents a jury question whether or not excessive force is used and precludes a finding of qualified immunity. This is especially true when officers create or escalate tension and fear by advancing on a mentally ill or disturbed person or recklessly create the confrontation. *Bond v. City of Tahlequah*, 981 F.3d 808, 823-824 (10th Cir. 2020), *Sevier v. City of Lawrence*, 60 F.3d 695, 699 (10th Cir. 1995) and *Allen v. Muskogee*, 119 F.3d 837, 841 (10th Cir. 1997).

> Moreover, we held the officers were put on notice this would be a violation by *Allen* and *Sevier*, which "clearly establish[ed] that an officer acts unreasonably when he aggressively confronts an armed and suicidal/emotionally disturbed individual without gaining additional information or by approaching him in a threatening manner" *Id*. at 206.

*Bond,* 981 F.3d at 918.

The third question asks whether Mr. Krueger was "actively resisting arrest or attempting to evade arrest by flight". Mr. Krueger had not committed a crime; there was no probable cause to believe he had committed a crime; he could not have been under arrest and therefore was not actively resisting arrest. The third question is answered in favor or Mr. Krueger.

"It is clearly established that specific conduct violates a constitutional right when Tenth Circuit or Supreme Court precedent would make it clear to every reasonable officer that such conduct is prohibited." *Perea v. Baca*, 817 F.3d 1198, 1204 (10th Cir. 2016). It is not necessary for the Deputy Defendants' actions to be the exact same actions contained in the cases that establish their unconstitutionality.

Applying deadly force and positional asphyxiation when a person is hog tied and handcuffed are *per se* Fourth Amendment excessive force violations. "Although [these cases] are not factually identical to this case, they nevertheless made it clear that the use of force on effectively subdued individuals violates the Fourth Amendment. In light of those cases, it should have been obvious to the [officers] that continuing to use force on [the detainee] after he was rendered unconscious, handcuffed, and zip-tied was excessive." *McCoy v. Meyers*, 887 F.3d 1034, 1052 (10th Cir. 2018). It is therefore clear that, "(1) the officers' alleged conduct violated a constitutional right, and (2) it was clearly established at the time of the violation, such that every reasonable official would have understood, that such conduct constituted a violation of that right." *Bond, supra*, 981 F.3d at 815

The Defendants further violated Jeffery Krueger's constitutional rights when they failed to intervene while witnessing their fellow officers use of excessive force against Mr. Krueger.

> To establish a constitutional violation under a 'failure to intervene' theory, [a plaintiff] must show: (i) the defendant officer was present at the scene; (ii) the defendant officer witnessed another officer

9

applying force; (iii) the application of force was such that any reasonable officer would recognize that the force being used was excessive under the circumstances; and (iv) the defendant officer had a reasonable opportunity to intercede to prevent the further application of excessive force, but failed to do so." *Martinez v. City & Cnty. of Denver*, 2013 WL 5366980, at *5 (D. Colo. Sept. 25, 2013) (citing *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996)).

It is clearly established "that a law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983." *Maresca v. Bernalillo County*, 804 F.3d 1301, 1314, (10th Cir., 2015) citing to *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996). "It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985).

The Deputy Defendants were present and either personally used excessive force that killed Mr. Krueger, or they stood by and watched other Defendants use excessive force to kill Jeffery Krueger after he was handcuffed, hog-tied and face-down on the asphalt roadway of Highway 51. Either scenario presents a fact question for a jury. A motion to dismiss on qualified immunity cannot be decided without any discovery yet having been produced by the Defendants.

**IV. PLAINTIFFS' ASSAULT AND BATTERY CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS.**

Tort claim notice was submitted June 24, 2020; 90 days after is September 22, 2020; 180 days after September 22, 2020 is March 21, 2021. The original Complaint (Dkt. #1) was filed February 16, 2021; an Amended Complaint (Dkt. #19) was filed March 1, 2021; a Second Amended

Complaint (Dkt. #46) was filed March 19, 2021; and, the Third Amended Complaint (Dkt. #72) was filed June 28, 2021.

At the very least, the state tort claims for assault and battery relate back to the original filing and are within the Governmental Tort Claim filing deadline. See FRCP 15(c) reads as follows:

> (c) RELATION BACK OF AMENDMENTS.
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

For example, in *Pan v. Bane*, 2006 OK 57, ¶ 20, 141 P.3d 555, as corrected (July 26, 2006), the Plaintiff who sued parents of driver by mistake could amend after the statute ran to join the doctor and relate the filing back to be timely under 12 O.S. §2015(C). In *Volkl v. Byford*, 2013 OK CIV APP 73, ¶ 12, 307 P.3d 409, a Plaintiff who mistakenly sued driver's parents could amend after the statute of limitations ran to join the daughter, who was actually driving the car. In *Watford v. West*, 2003 OK 84, ¶ 15, 78 P.3d 946, the Plaintiff's parents sued for son's injuries and dismissed without prejudice and then refiled within a year under 12 O.S.§ 100 and attempted to amend and relate back the filing to change the plaintiff, who had by then attained majority. The relation back could change the name of the plaintiff as well as a defendant. As noted in *Pan*,

The relation back doctrine of Federal Rule 15(c) is remedial and promotes the general purpose of the federal rules by 'providing the opportunity for a claim to be tried on its merits rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed. 3 Moore's Federal Practice, § 15.19[3][a](3d *ed.* at 15-84). The rationale of the doctrine is that where the party to be added has received timely and fair notice of the institution of the original action and the facts upon which it is based, he has received all the notice and protection required by the statute of limitations which exists to protect defendants from prejudice that may result from having to defend against stale claims. *See e.g., Bloomfield Mech. Contracting, Inc. v. Occupational Safety & Health Review Comm'n*, 519 F.2d 1257, 1262 (3d Cir. 1975) (purpose of relation back is to "ameliorate the effect of a statute of limitations where the plaintiff has sued the wrong party but where the right party had adequate notice of the institution of the action"); *rendall-Sperznza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997) (The purpose of the rule is to "avoid the harsh consequences of a mistake that is neither prejudicial nor a surprise to the misnamed party. A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose-unless it is or should be apparent to that person that he is beneficiary of a mere slip of the pen, as it were."); *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 127 (D.R.I.2004) (in a proper case the doctrine ensures that new parties cannot use the statute of limitations to prevent litigation of claims when they received sufficient notice of the proceedings or were practically involved in the proceedings from the early stages of litigation)."

*Id*., at ¶ 9.

There can be no legitimate question the placing the Sheriff's office on notice of the timely filed original tort claim, followed by the multiple timely filed complaints, or amended complaints, that the Sheriff's Office and deputies were on notice of the pending lawsuit. No one can be surprised by the addition of these Defendants when the videos show multiple unnamed actors. The motion to dismiss should be denied.

For the reasons stated above, the Defendants' motion to dismiss should be denied.

Respectfully submitted,

s/ Mark D. Lyons
Mark D. Lyons, OBA #5590
LYONS & CLARK, INC.
616 S. Main, Suite 201
Tulsa, OK 74119
(918) 599-8844 Telephone
(918) 599-8585 Facsimile
lyonscla@swbell.net
**Attorney for the Plaintiffs**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on the 12th day of August, 2021, a true and correct copy of the above and foregoing *Plaintiff's Response to Defendants North, Lott, Crockett and Dorrs' Motion to Dismiss* was transmitted via electronic transmission through the CM/ECF System, to the following:

Randall J. Wood - rwood@piercecouch.com
Robert S. Lafferrandre - rlafferrandre@piercecouch.com
Thomas A. LeBlanc - tleblanc@bestsharp.com
Jordan L. Berkhouse - jberkhouse@bestsharp.com
Stephen L. Geries - slg@czwlaw.com
Taylor M. Riley - tmr@czwlaw.com
Jeffrey C. Hendrickson - jhendrickson@piercecouch.com

                 s/ Mark D. Lyons