IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOHN KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-21-044-RAW ) |
| (1) BOARD OF COUNTY COMMISSIONERS FOR WAGONER COUNTY, OKLAHOMA, a/k/a WAGONER COUNTY, OKLAHOMA, *et al.*; | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS WAGONER COUNTY SHERIFF'S DEPARTMENT AND BOARD OF COUNTY COMMISSIONERS FOR WAGONER COUNTY'S <u>REPLY SUPPORTING THEIR MOTION TO DISMISS</u>**

Defendants Wagoner County Sheriff's Department ("WCSO")[1] and Board of County Commissioners for Wagoner County, Oklahoma ("Defendant Board" or "the Board") (collectively, "Defendants"), submit this Reply to "Plaintiffs' Response to Defendant Wagoner County Sheriff's Department and Board of County Commissioners for Wagoner County Oklahoma's Motion to Dismiss" ("Response") [Dkt. 115].

**I.     RESPONSE TO PLAINTIFFS' "PROCEDURAL ISSUES AND DISCOVERY".**

In the "Procedural Issues and Discovery" section of their Response, Plaintiffs lodge several, baseless attacks against Defendants in a misguided attempt to avoid dismissal of their claims against Defendants. In that regard, Plaintiffs claim Defendants have "pepper[ed] this court, and Plaintiff's counsel," with "premature," "dilatory," and "nonsubstantive motions to delay this case rather than conduct discovery and get to the merits that are frustrating this Court's directive and taking advantage of the fact it has other pressing cases." [Dkt. 115, pp. 2-3].

---

[1] Again, Plaintiffs' reference to this Defendant as the Wagoner County Sheriff's "Department," is a misnomer; Defendants will refer to this Defendant by its correct name—the Wagoner County Sheriff's Office, or WCSO, for short.

However, Plaintiffs did not even issue discovery to these Defendants until **after** they filed their Motion to Dismiss. Regardless, Plaintiffs' discovery-related argument is clearly nothing more than a red herring. Indeed, Plaintiffs' only contention about what information they lack and hope to obtain via discovery is the identity of certain officers in body camera footage. [Dkt. 115, pp. 2-3], Yet, Plaintiffs wholly fail to explain how or why discovery would prevent dismissal of their claims against **these Defendants** for the reasons Defendants actually asserted in their Motion.

Moreover, Defendants' Motion was not submitted to take advantage of the Court or for any other inappropriate reason. Instead, as explained in detail in their Motion, Defendants filed said Motion, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiffs failed to state a claim against them for the numerous reasons addressed therein. [*See generally* Dkt. 91]. Also, Plaintiffs' concerns about completing discovery before addressing "the merits of this case," [Dkt. 115, pp. 2-3], are illogical and completely irrelevant to whether Plaintiffs' state a claim upon which relief may be granted against Defendants. Indeed, Plaintiffs' discovery argument seemingly stems from their apparent misunderstanding of Fed. R. Civ. P. 12(b), which requires that defendants raise certain defenses, including that a plaintiff failed "to state a claim upon which relief can be granted," in their responsive pleading to a plaintiff's complaint or by motion before a responsive pleading is filed. Fed. R. Civ. P. 12(b). And regardless, Plaintiffs' discovery-related argument is clearly nothing more than a red herring. Indeed, Plaintiffs' only contention about what information they lack and hope to obtain via discovery is the identity of certain officers in body camera footage. [Dkt. 115, pp. 2-3], Yet, Plaintiffs wholly fail to explain how or why discovery would prevent dismissal of their claims against **these Defendants** for the reasons Defendants actually asserted in their Motion.

Plaintiffs also assert various allegations in their Response concerning purported body camera footage of the incident at-issue, even going so far as to attach said footage in Response. [Dkt. 115, pp. 2-3]. However, said footage was certainly not attached to Plaintiffs' Third Amended Complaint, and Plaintiffs' various assertions in their Response related to same were not alleged therein.[2] Asserting modified and/or new allegations in a responsive pleading does not modify those allegations actually pled and a plaintiff's addition of new allegations in a response brief should not prevent dismissal. *See Kearney v. Dimanna*, 195 Fed.Appx. 717, 721 n.2 (10th Cir. 2006). "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (Rule 12(b)(6) motions "assess whether the *plaintiff's complaint alone* is legally sufficient to state a claim for which relief may be granted."). Further, amendments to the pleadings are governed by Fed. R. Civ. P. 15(a) and LCvR 7.1(j), (k); Plaintiffs' attempt to add to or modify their claims in their Response do not comport with these rules; therefore, any new or modified claims brought by Plaintiffs should not be considered in determining the sufficiency of their claims and is not a means by which they may survive Defendants' Motion to Dismiss.

## II.   WCSO IS STILL NOT A LEGAL ENTITY SUBJECT TO SUIT.

As Defendants explained in their Motion to Dismiss with numerous citations to legal authority, WCSO, like any other office or department of Wagoner County, may not be sued under 42 U.S.C. § 1983 or state law because it lacks legal identity apart from Wagoner County. [*See* Dkt. 91, pp. 3-5]. Plaintiffs offer no substantive response to this argument, nor do they

---

[2] Those allegations not in the Third Amended Complaint are located at pages 2-3 of Plaintiffs' Response, starting at "Mr. Krueger was a mentally ill and emotionally disturbed person who broke no laws, who committed no crimes . . ." and ending with "No one helps Mr. Kreuger though he can be heard repeatedly calling out, 'help me[, h]elp me.'" [Dkt. 115, pp. 2-3].

dispute that WCSO is not a legal entity subject to suit. Instead, Plaintiffs assert that they named WCSO as a party here in order to "mak[e] this an official capacity lawsuit." [Dkt. 115, pp. 4-6]. But, as is apparent from their Response, Plaintiffs are conflating two wholly separate issues, *i.e.* whether a Sheriff in his official capacity is a proper party and whether a Sheriff's Department is an entity capable of being sued. Indeed, none of Plaintiffs' cited case law[3] concerns whether a *sheriff's department* is an entity capable of suit. Rather, they focus on the wholly separate issues of a sheriff's statutory duties and whether a sheriff in his or her official capacity is a proper defendant. *See Estate of Crowell v. Bd. of Cty. Comm'rs*, 2010 OK 5, 237 P.3d 134 (upholding grant of summary judgment to board of county commissioners since same was an improper party but reversing summary judgment to the sheriff as there was circumstantial evidence that he acted with deliberate indifference); *Edelen v. Bd. of Comm'rs of Bryan Cty.*, 2011 OK CIV APP 116, 266 P. 3d 660 (reversing dismissal of medical claim since plaintiff alleged both the individual commissioners and sheriff delayed/denied plaintiff medical care); *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988) (complaint did not state supervisory liability claim against individual commissioners regarding sheriff's deputies' use of force).

Plaintiffs also claim Defendants' cited authorities in their Motion to Dismiss somehow contradict their beliefs concerning the Board's potential liability. [Dkt. 115, p. 6]. Not so; the numerous authorities cited by Defendants (in Proposition I of their Motion to Dismiss) were for one basic, but indisputable, proposition wholly unrelated to Plaintiffs' liability concerns – that WCSO is not a legal entity subject to suit. [*See generally* Dkt. 91, pp. 3-5]. As Defendants' cited

---

[3] Plaintiffs also cite numerous Oklahoma statutes concerning a sheriff's statutory responsibility, and the definition of a county officer [Dkt. 115, pp. 3-6], none of which are applicable to whether WCSO is a legal entity subject to suit. *See* Okla. Stat. tit. 19, § 516 (sheriff and their deputies have a duty to preserve peace in their counties); § 547 (sheriffs are responsible for the official acts of their deputies); § 1404(8) (defining county officer).

authority clearly indicated, it is undisputed that under Oklahoma law, WCSO is not a legal entity subject to suit. [*See* authorities cited at Dkt. 91, pp. 3-5]. Plaintiffs also take their misunderstanding of the relevant issue one step further, asserting they would accept Defendants' "stipulation" that the Board "will accept responsibility and payment" for claims they prove or settle against WCSO. [Dkt. 115, p. 6]. But, this request is insufficient to withstand a motion to dismiss. Further, it's beside the point—WCSO is indisputably not a legal entity subject to suit and as such, Plaintiffs can obtain no recovery against it.

In sum, WCSO is not a legal entity subject to suit; as such, Plaintiffs failed to state a claim against WCSO and said claims should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6).

## III. THE BOARD IS NOT A PROPER PARTY TO PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AND PLAINTIFFS FAIL TO SHOW OTHERWISE.

Again, in Counts 1-3 of their Third Amended Complaint, Plaintiffs asserted 42 U.S.C. § 1983 claims against the Board regarding the operations of the WCSO. But, as Defendants argued their Motion to Dismiss, Plaintiffs cannot establish municipal liability against the Board as a matter of law because it does not have any final policy-making authority regarding the operation of WCSO and/or the training and supervision of WCSO deputies. [Dkt. 91, pp. 6-9]. Plaintiffs appear to concede that the Board does not have any such final policy-making authority. [*See* Dkt. 115, pp. 7-8 (the Board "is not responsible []or liable for hiring, training, or supervising sheriff's deputies," that they named the Board as a party here "to the extent necessary to state a claim of negligence for the hiring, training, supervision and retention," and that it's not the Board's "policies or customs" at issue)]. Instead, they claim Okla. Stat. tit. 19, § 4 requires the Board be named as a party in all lawsuits against county officials. [Dkt. 115, p. 8]. However, Plaintiffs apparently ignore the actual language of the statute, which instead states:

5

> In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, "Board of County Commissioners of the County of _____," . . . Suit may be brought against a county by naming a county officer identified in Section 161 of this title when it is alleged that such officer in his or her official capacity is directly or vicariously liable to plaintiff in an action not arising out of contract. Otherwise, suit may be brought against a county by naming the Board of County Commissioners of the County of \_\_\_\_\_;

Okla. Stat. tit. 19, § 4. Clearly therefore, and contrary to Plaintiffs' assertions, under § 4, suits against a county may be brought against a board of county commissioners **or** against county officer in his/her official capacity.

Plaintiffs also argue that if this Court determines naming the Board and WCSO is "duplicative," it may find "Wagoner County [] responsible for the acts of the Sheriff's Department," citing *Holbert v. Cimarron Cty. Sheriff's Dep't*, CIV-20-887-R, 2021 WL 111868 (W.D. Okla. Jan. 12, 2021) in support. [Dkt. 115, p. 8]. But, the *Holbert* court did not hold that any such "remedy" exists; instead, it dismissed plaintiff's claims against the defendant Sheriff, in his official capacity, because same were redundant to the claims asserted against the defendant board of county commissioners. *Holbert*, 2021 WL 111868, at *2.[4] Here, in contrast, Plaintiffs have not named the Sheriff, in any capacity, as party to this suit. Instead, they named WCSO[5] as a party; but as explained above and in Defendants' Motion [Dkt. 91], WCSO is simply not a legal entity subject to suit.

Further, Plaintiffs' liability and indemnification assertion (i.e., the County must "defend and indemnify the named Deputy Sheriffs") is both incorrect and wholly unsupported. [See Dkt. 115, p. 9]. Also, Plaintiffs' request for leave to amend their Third Amended Complaint [Dkt. 72]

---

[4] Of course, had Plaintiffs named both BOCC and the Sheriff in his official capacity, then those claims would be redundant of each other.

[5] The *Holbert* court further dismissed plaintiff's claims against the Cimarron County Sheriff's Department after plaintiff did not dispute that said dismissal was proper. *Holbert*, 2021 WL 111868, at *2

to name the Sheriff in his individual capacity as a party, [Dkt. 115, p. 9], should be denied. Indeed, even if Plaintiffs amended their Third Amended Complaint to name the Sheriff in his individual capacity, same does not cure the fact that they have brought 42 U.S.C. § 1983 claims against the Board when same claims will fail as a matter of law. Finally, Plaintiffs' claim that this "pleading issue[]" can be addressed later in this action as same does not go to this case's merits and further burden the Court are illogical and baseless. As previously explained in Proposition I above and herein, it is well-settled that WCSO is not a legal entity subject to suit and it is for this reason, not to create a burden to the Court, that Defendants seek dismissal of the claims against WCSO. Nor can this "issue" be addressed "later," since Fed. R. Civ. P. 12(b) requires defendants assert the failure-to-state-a-claim defense in the responsive pleading or by motion before a responsive pleading is filed. *See* Fed. R. Civ. P. 12(b).

**IV.   THE BOARD IS IMMUNE FROM SUIT AS TO PLAINTIFFS' NEGLIGENCE AND WRONGFUL DEATH CLAIMS AND PLAINTIFFS FAIL TO SHOW OTHERWISE.**

Plaintiffs' negligence and wrongful death claims against Defendants for alleged negligent hiring, training, supervision, and retention, and entrustment of employees (Count Five of their Third Amended Complaint [Dkt. 72]) must also be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6) since that the Board is immune from suit for such employment decisions pursuant to the OGTCA's discretionary function exemption, Okla. Stat. tit. 51, § 155(5). Plaintiffs offer no substantive response to this argument. Instead, they spend more than five pages of their Response discussing governmental employers' potential liability for their employees' intentional torts and the applicability of *Bosh* to Oklahoma constitutional excessive force claims [Dkt. 115, pp. 9-14]. But this is wholly unresponsive, and frankly irrelevant, to whether Defendants are immune from suit for Plaintiffs' negligence/wrongful death claims under § 155(5).

Further, Plaintiffs' only contentions concerning § 155(5) still wholly fail to refute Defendants' argument that the Board is immune from suit for aforementioned employment decisions under § 155(5). Rather, Plaintiffs assert that the Oklahoma Court of Appeals decision in *Jackson v. Okla. City Pub. Sch.,* 2014 OK CIV APP 61, 333 P.3d 975, which Defendants cited in their Motion, is not binding precedent and that the "logic in *Jackson* was decided different" in *Hasenfratz v. Ponca City Indep. Sch. Dist.*, 2015 OK CIV APP 82, 358 P.3d 964. But Plaintiffs' arguments are unpersuasive. Indeed, the plaintiff in *Hasenfratz* "specifically disclaimed any contention that [defendant employer] was primarily negligent due to its hiring, training, or supervising the [employees.]." *Hasenfratz*, ¶ 16, 358 P.3d at 969. It was for this reason, the *Hasenfratz* Court explained, that *Jackson*'s finding that governmental entities are immune from suit under § 155(5) for said employment decisions did not apply in *Hasenfratz. Hasenfratz*, ¶ 18 n. 8, 358 P.3d at 970 (quoting *Jackson,* ¶ 9, 333 P.3d at 979)). Here, in contrast, Plaintiffs negligence and wrongful death claims are based on Defendants' allegedly negligent hiring, training, supervision, and retention, and entrustment of employees.

Further, Okla. Sup. Ct. R. 1.200(d)(2) does provide that opinions of the Court of Civil Appeals that, like *Jackson*, bear the notation "Released for publication by order of the Court of Civil Appeals" shall be considered to have persuasive effect, but shall not be accorded precedential value. Regardless, while "[t]he Oklahoma Supreme Court has not addressed [the issue,] . . . the clear weight of authority supports finding that hiring, training, supervision, monitoring, and retention are actions that implicate a political entity's policy and planning functions and therefore fall under the discretionary function exemption of § 155(5)." *Nation v. Piedmont Indep. Sch. Dist. No. 22*, CIV-18-1090-R, 2019 WL 4452953, at *3 (W.D. Okla. Sept.

17, 2019)[6] (internal citation omitted). In *Easter for Estate of Patrick v. Okla. Dep't of Wildlife Conservation*, CIV-16-168-KEW, 2020 WL 3454554 (E.D. Okla. June 24, 2020),[7] this Court, when examining *Jackson*[8] and Okla. Stat. tit. 51, 155(5), detailed that clear weight of authority:

> [A]s our sister court in the Northern District of Oklahoma has noted "the clear weight of authority supports finding that hiring, training, supervision, monitoring, and retention are actions that implicate a political entity's policy and planning functions and therefore fall under the discretionary function exemption of § 155(5). *See Johnson v. Indep. Sch. Dist. No. 89 of Okla. Cty.*, No. CIV–15–680–D, 2016 WL 1270266, at *8 (W.D. Okla. Mar. 31, 2016) (negligent supervision); *Burris v. Okla. ex rel. Okla. Dep't of Corrections*, No. CIV–13–867–D, 2014 WL 442154, at *9 (W.D. Okla. Feb. 4, 2014) (negligent hiring, training, supervision, and retention); *Seals v. Jones*, No. 12–DV–569–JED–TLW, 2013 WL 5408004, at *4 (N.D. Okla. Sept. 25, 2013) (negligent hiring and retention); *Houston*, 949 F. Supp. 2d at 1109 (negligent supervision and retention); *Fumi v. Bd. of Conty. Comm'rs of Rogers Cnty.*, No. 10–CV–769–TCK–PJC, 2011 WL 4608296, at *6 (N.D. Okla. Oct. 3, 2011) (negligent training and supervision); *Burns v. Holcombe*, No. 09–CV–152–JHP, 2010 WL 2756954, at *15 (E.D. Okla. July 12, 2010) (negligent hiring, training, and supervision); *Jackson*[, ¶ 9, 333 P.3d at 979] (negligent hiring, training, and supervision.[)]" *Langkamp v. Mayes Emergency Servs. Tr. Auth.*, 2017 WL 875483, at *4 (N.D. Okla. Mar. 3, 2017), *motion for relief from judgment granted*, 2017 WL 1102650 (N.D. Okla. Mar. 23, 2017).

*Easter*, 2020 WL 3454554, at *4.

As this Court has previously determined, plaintiffs are "barred from pursuing" their "negligent hiring, supervision, and training" claims against political-entity defendants as they are "exempted" from those claims under § 155(5) of the OGTCA. *Easter*, 2020 WL 3454554, at *4. Likewise, Plaintiffs in this case are similarly barred from pursing their negligence and wrongful death/Plaintiffs' claim of negligent hiring, training, supervision, and retention as Defendants are exempted from suit for said claims under Okla. Stat. tit. 51, § 155(5).

---

[6] This unpublished opinion attached herein as Exhibit 1.

[7] This unpublished opinion attached herein as Exhibit 2.

[8] The *Easter* Court also quoted *Jackson*, stating: "The Oklahoma Court of Civil Appeals has found that '[i]t is ... settled that a [political subdivision's] hiring, training, and supervising decisions are discretionary and therefore [the state] may not be liable for damages resulting from those decisions.'" *Easter*, 2020 WL 3454554, at *4 (quoting *Jackson*,¶ 9, 333 P.3d at 979).

## V. PLAINTIFFS HAVE CONCEDED THAT THEIR ASSAULT AND BATTERY CLAIM IS TIME-BARRED.

Plaintiffs did not address, and thus conceded, Defendants' argument that Plaintiffs' assault and battery claim (Count Six of their Third Amended Complaint [Dkt. 72]) is outside the statute of limitations and should, therefore, be dismissed as time-barred. Defendants' Motion to Dismiss should therefore be granted as to those claims.

## VI. THERE IS MORE THAN ADEQUATE BASIS TO DISMISS PLAINTIFFS' CLAIMS WITH PREJUDICE.

Plaintiffs claim there is no basis to dismiss WCSO because the claims against it are "properly brought." [Dkt. 115, p. 15]. But this is simply incorrect, since WCSO is not a legal entity subject to suit as explained above and in Defendants' Motion to Dismiss. Plaintiffs further assert that even if WCSO is "wrongly named, the claims can still be prosecuted as an official capacity lawsuit against" the Sheriff. [Dkt. 115, p. 15]. But this still completely misunderstands the law—instead, any such amendment would still be futile since WCSO will never be an entity capable of being sued, regardless of any possible amendment. Otherwise, Plaintiffs offered no response to, and therefore conceded, Defendants argument that any further amendment to Plaintiffs' Third Amended Complaint is futile since no amendments can cure the deficiencies discussed herein and in Defendants' Motion to Dismiss.

Accordingly, for the reasons stated herein and in their Motion to Dismiss [Dkt. 91], all claims against Defendants Wagoner County Sheriff's Department and Board of County Commissioners for Wagoner County, Oklahoma should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

                                                Respectfully submitted,

                                                s/ Taylor M. Riley
                                                Stephen L. Geries, OBA No. 19101
Taylor M. Riley, OBA No. 33291
COLLINS ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: slg@czwlaw.com
tmr@czwlaw.com

***ATTORNEYS FOR DEFENDANTS WAGONER COUNTY SHERIFF'S DEPARTMENT, BOARD OF COUNTY COMMISSIONERS FOR WAGONER COUNTY, CALEB NORTH, MATTHEW LOTT, ELIZABETH CROCKETT AND DUSTIN DORR***

## CERTIFICATE OF SERVICE

     I hereby certify that on August 25, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

        Mark D. Lyons
        Lyons & Clark, Inc.
        616 S. Main, Suite 201
        Tulsa, OK 74119-1260

        *Attorneys for Plaintiffs*

        Robert S. Lafferrandre
        Randall J. Wood
        Jeffrey C. Hendrickson
        Pierce Couch Hendrickson
          Baysinger & Green, LLP
        1109 N. Francis Avenue
        Oklahoma City, OK 73106

        *Attorneys for Defendants Nicholas Orr and Kaleb Phillips*

Thomas A. LeBlanc
Jordan L. Berkhouse
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103

***Attorneys for Defendants Jeff Patterson,
Alan Smith, Drew Craig, Tyler McFarland,
Clarence Collins, Corey Nevitt, Travis Potts
and Ben Blair***

                s/ Taylor M. Riley
                Taylor M. Riley