IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JOHN KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger, and<br>2. PAMELA KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger,<br>    *Plaintiffs*,<br><br>v.<br><br>1. BOARD OF COUNTY COMMISSIONERS FOR WAGONER COUNTY, OKLAHOMA, a/k/a WAGONER COUNTY, OKLAHOMA,<br>2. WAGONER COUNTY SHERIFF'S DEPARTMENT,<br>3. WAGONER EMERGENCY SERVICES, INC. a/k/a WAGONER EMS,<br>4. KALEB PHILLIPS, individually,<br>5. NICHOLAS ORR, individually,<br>6. JEFF PATTERSON, individually,<br>7. ALAN SMITH, individually,<br>8. DREW CRAIG, individually,<br>9. TYLER McFARLAND, individually,<br>10. CLARENCE COLLINS, individually,<br>11. COREY NEVITT, individually,<br>12. TRAVIS POTTS, individually,<br>13. BEN BLAIR, individually,<br>14. COLBY NORTH, individually,<br>15. MATTHEW LOTT, individually,<br>16. ELIZABETH CROCKETT, individually, and<br>17. DUSTIN DOOR, individually,<br>    *Defendants*. | Case No. CIV-21-044-RAW |

## **ORDER**

Plaintiffs brought this action on February 16, 2021 and filed their Third Amended Complaint on June 28, 2021, alleging that the Defendants used grossly excessive force and

caused the death of Jeffrey Krueger. Specifically, Plaintiffs argue that after a Wagoner County Deputy Sheriff saw Jeffrey, who suffered from bipolar disorder, talking to himself at a QuikTrip, the deputy concluded Jeffrey was on drugs and then called the Sheriff's office dispatch to have him pulled over. After he was stopped, Jeffrey was beaten, tased, handcuffed, and suffocated to death. Plaintiffs pleaded that each of the individual Defendants was present and that they acted jointly in causing his death.

I.

Now before the court is the motion to dismiss by the Board of County Commissioners for Wagoner County ("the Board") and the Wagoner County Sheriff's Department ("the Sheriff's Office"[1]) [Docket No. 91]. Plaintiffs bring claims against the Board and the Sheriff's Office for violations of his Fourth Amendment rights pursuant to 18 U.S.C. § 1983 and for wrongful death and assault and battery pursuant to the Oklahoma Governmental Tort Claims Act (hereinafter "GTCA").

As to the federal claims, both the County and the Sheriff's Office argue that they are not the proper party to be sued, but instead that the Sheriff in his official capacity would be the proper party. The court directs counsel to meet and confer as to the proper party no later than April 15, 2022. Plaintiffs may then file an amended complaint with the correct party name(s) no later than April 29, 2022.[2] The court will consider any remaining or further arguments, including any arguments that the state law claims should be dismissed or remanded in a motion for summary judgment. The motion to dismiss filed by the Board and the Sheriff's Office [Docket No. 91] is denied.

---

[1] This Defendant informs the court that its proper name is the Wagoner County Sheriff's Office.
[2] The court freely gives leave to amend when justice requires, and in this case, justice requires. Fed. R. Civ. P. 15 (a)(2). This amendment is limited to the proper party name(s).

## II.

Also before the court is the motion to dismiss filed by Colby North, Matthew Lott, Elizabeth Crockett, and Dustin Dorr[3] (hereinafter "Deputy Defendants") [Docket No. 112]. Plaintiffs bring claims against these Deputy Defendants for violations of his Fourth Amendment rights pursuant to 18 U.S.C. § 1983 and for assault and battery pursuant to the Oklahoma Governmental Tort Claims Act (hereinafter "GTCA"). The Deputy Defendants move for dismissal of the federal claims, arguing that the Third Amended Complaint does not give them fair notice of precisely what acts or omissions are alleged against each of them. The Deputy Defendants further each assert the defense of qualified immunity. They move for dismissal of the state law claims.

For purposes of the motion to dismiss, the court accepts as true all well-pleaded facts in the Third Amended Complaint and construes those facts in the light most favorable to Plaintiffs. *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017). Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive the motion to dismiss, the Third Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiffs must nudge their "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair

---

[3] Plaintiffs misspelled Dustin Dorr's name in the caption of the Third Amended Complaint.

3

notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . ." *Robbins*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).

Ultimately, the "*Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d at 1247). "In other words, *Rule 8(a)(2) still lives*." *Id*. (emphasis added). "Under Rule 8, *specific facts are not necessary*; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191) (emphasis added).

As stated above, Plaintiffs have pleaded that Defendants, North, Lott, Crockett, and Dorr were each present when he was beaten, tased, handcuffed, and suffocated to death during a traffic stop. Plaintiffs alleged that these Deputy Defendants acted jointly with the other Defendants in causing his death.

Plaintiffs state that the Third Amended Complaint has been supplemented with two body cam videos of the real time beating, handcuffing, tasing, and suffocation of Jeffrey. While the court has received a flash drive containing the videos, the videos do not appear to be part of the record or attached to the Third Amended Complaint. Plaintiffs argue that the videos show the beating, handcuffing, tasing, and suffocation of Jeffrey while some officers stood by and did nothing. Plaintiffs further argue that discovery is needed to put the individual names with the faces to know exactly who did what.

The court finds that Plaintiffs allegations that Defendants, North, Lott, Crockett, and Dorr were each present when he was beaten, tased, handcuffed, and suffocated to death during a traffic stop is sufficient to state a claim. The Third Amended Complaint gives these Defendants fair notice of what the claims are and the grounds upon which they rest.[4]

### III.

Qualified immunity "shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *Turner v. Oklahoma Oklahoma Cnty. Bd. Of Cnty. Comm'rs.*, No. 19-6092, 2020 WL 995729, at *2 (10th Cir. 2020) (citation omitted). "Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Myers v. Brewer*, 773 Fed.Appx. 1032, 1036 (10th Cir. 2019) (citing *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). At the motion to dismiss stage, however, defendants are subject "to a more challenging standard of review than would apply" at the summary judgment stage. *Id*. "At the motion to dismiss stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness." *Turner*, 2020 WL 995729, at *2 (citation omitted and emphasis added).

Accordingly, when a defendant raises a qualified immunity defense in response to a motion to dismiss, the court employs a two-part test to determine whether the plaintiff (1) plausibly pleaded that the defendant violated a constitutional right, and (2) shows that the constitutional right was clearly established at the time of the defendant's alleged misconduct. *Id.*

---

[4] The court notes that to the extent that it was not implicitly included in the Third Amended Complaint, any failure to intervene claims as referenced in the briefing clearly arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original complaint. Fed. R. Civ. P. 15 (c)(B).

at *3.  As stated above, the court finds that Plaintiffs plausibly pleaded that Defendants North, Lott, Crockett, and Dorr each violated a constitutional right by being present when he was beaten, tased, handcuffed, and suffocated to death during a traffic stop.

"A plaintiff may show clearly established law by pointing to either a Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, existing at the time of the alleged violation."  *Knopf v. Williams*, 884 F.3d 939, 944 (10th Cir. 2018) (citation omitted).  A law is not clearly established unless existing precedent has "placed the statutory or constitutional question beyond debate."  *Id.* (citation omitted).  This is an objective test.  *Brown*, 662 F.3d at 1164.

The court must not "define clearly established law at a high level of generality." *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (citing *Ashcroft*, 563 U.S. at 742); *Knopf*, 884 F.3d at 944 (citing *Ashcroft*, 563 U.S. at 742).  Of course, a prior case need not have *identical* facts. *Perry v. Durborow*, 892 F.3d 1116, 1126 (10th Cir. 2018); *Patel v. Hall*, 849 F.3d 970, 980 (10th Cir. 2017).  Still, the "clearly established law must be 'particularized' to the facts of the case." *Knopf*, 884 F.3d at 944 (citation omitted).

As Plaintiffs so succinctly put it: "[a]pplying deadly force and positional asphyxiation when a person is hog tied and handcuffed are *per se* Fourth Amendment excessive force violations."  Docket No. 116, at 9.  Plaintiffs then point to sufficient caselaw not only to support this, but also to show that it is "clearly established 'that a law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983."  Docket No. 116, at 8-10 and Docket No. 72, at 9 (citing *Maresca v. Bernalillo Cnty.*, 804 F.3d 1301, 1314 (10th Cir. 2015).

6

The court will consider any remaining or further arguments, including any arguments that the state law claims should be dismissed or remanded in a motion for summary judgment. The motion to dismiss filed by Colby North, Matthew Lott, Elizabeth Crockett, and Dustin Dorr [Docket No. 112] is denied.

**IT IS SO ORDERED** this 31st day of March, 2022.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**