IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger, *et al.*,<br>　　　*Plaintiffs*,<br><br>v.<br><br>SHERIFF CHRIS ELLIOTT, in his official capacity as Sheriff of Wagoner County, *et al.*,<br>　　　*Defendants*. | Case No. CIV-21-044-RAW |

## ORDER

　　This action arises from the death of Jeffrey Krueger on July 1, 2019. Plaintiffs allege that the individual defendants beat, tased, cuffed, and ultimately caused him to suffer positional asphyxiation resulting in his death. Plaintiffs bring claims against Sheriff Elliott in his official capacity. The court previously granted in part and denied in part the motion for summary judgment filed by Sheriff Elliott.

　　Now before the court are Sheriff Elliott's motion pursuant to Fed. R. Civ. P. 59(e) to reconsider and alter or amend the portion of the court's Order denying his summary judgment motion as to the 42 U.S.C. § 1983 claims of unconstitutional policies or customs in the form of ratification of the use of excessive force [Docket No. 370], Plaintiffs' response [Docket No. 376], and Sheriff Elliott's reply [Docket 380].

　　The Tenth Circuit has stated that a motion to reconsider is warranted where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Under the third prong, relief is appropriate pursuant to Rule

59(e) only where "the court has misapprehended the facts, the party's position, or the controlling law." *Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. A Rule 59(e) motion "is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *United States v. Springer*, No. 08-CV-278-TCK-PJC, 2020 WL 983084, at *1 (N.D. Okla. Jan. 28, 2020) (quoting *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009)).

Sheriff Elliott does not assert that there has been an intervening change in the controlling law or that there is new evidence previously unavailable. Instead, he argues that there is a need to correct clear error or prevent manifest injustice. Specifically, Sheriff Elliott argues that the court misapprehended the controlling law with regard to the theory of ratification.

After Mr. Krueger died on July 1, 2019, Sheriff Elliott awarded medals of valor to Deputies Phillips and Orr for their actions taken on that day. In fact, he signed the nomination for the award for Deputy Phillips on the same day – July 1, 2019.

> When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality. Similarly, when a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with *their* policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). "The final policymaker must not only approve the decision, but also adopt the basis for the decision, and the ratification must be the

2

moving force, or cause, of the alleged constitutional violation." *Dempsey v. City of Baldwin*, 143 F. App'x 976, 986 (10th Cir. 2005) (citing *Paprotnik,* 480 U.S. at 127, 107 S.Ct. 1038).

Sheriff Elliott argues that because the ratification must be the moving force or cause of the violation, it must necessarily be taken prior to the alleged violation. In its order denying summary judgment, the court cited a portion of a footnote from a Western District of Oklahoma case recognizing the disagreement among the circuits regarding whether ratifying acts must be taken prior to an alleged violation. The court includes the entire footnote here:

> The Court acknowledges that there is some disagreement among the circuits regarding the ratification theory and some conflict between the ratification theory and the causation requirement as outlined in *Monell*, 436 U.S. at 691, 694. There appears to be no dispute when the authorized policymaker ratifies the subordinate's decision and the basis for it prior to, or contemporaneously with, the constitutional deprivation. The dispute arises when ratification occurs after the constitutional harm has been inflicted. *Compare Au Hoon v. City of Honolulu*, 922 F.2d 844 *4 (9th Cir. 1991)(unpublished)(not correct to say that only actions approved in advance are ratified for purposes of imposing municipal liability) *with Feliciano v. City of Cleveland*, 988 F.2d 649, 656 (6th Cir. 1993)(even if municipality subsequently ratified decision, plaintiffs would have to prove that ratification was a moving force in causing constitutional violation).

*Coffee v. City of Oklahoma City, Oklahoma*, No. CIV-08-239-W, 2009 WL 10669175, at *5, n.11 (W.D. Okla. Aug. 4, 2009).

The ratification here occurred almost immediately after the alleged violation. Of course, at trial, Plaintiffs must prove that the ratification was the moving force in causing the violation, but as the court previously determined, Sheriff Elliott is not entitled to summary judgment.

As the court noted in the oft-cited *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983), while Sheriff Elliott may have stated his argument better in his motion to reconsider, he is improperly using the motion to reconsider to ask the court to rethink what it has already thought through – rightly or wrongly. Sheriff Elliott's motion to reconsider and alter or amend the portion of the court's Order denying his summary judgment motion as to

3

the 42 U.S.C. § 1983 claims of unconstitutional policies or customs in the form of ratification of the use of excessive force [Docket No. 370] is hereby DENIED.

**IT IS SO ORDERED** this 24th day of July, 2024.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**