IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger, *et al.*, <br>     Plaintiffs, <br><br> v. <br><br> SHERIFF CHRIS ELLIOTT, in his official capacity as Sheriff of Wagoner County, *et al.*, <br>    Defendants. | Case No. CIV-21-044-RAW |

## ORDER

This action arises from the death of Jeffrey Krueger on July 1, 2019. Plaintiffs allege that the individual defendants beat, tased, cuffed, and ultimately caused him to suffer positional asphyxiation resulting in his death. The court previously granted in part and denied in part the motion for summary judgment filed by Lieutenant Elizabeth Crockett ("Lt. Crockett"). Now before the court are Lt. Crockett's motion pursuant to Fed. R. Civ. P. 59(e) to reconsider and alter or amend the portion of the court's Order denying her summary judgment motion as to the 42 U.S.C. § 1983 excessive force and failure to intervene claims [Docket No. 371], Plaintiffs' response [Docket No. 381], and Lt. Crockett's reply [Docket 382].

The Tenth Circuit has stated that a motion to reconsider is warranted where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Under the third prong, relief is appropriate pursuant to Rule 59(e) only where "the court has misapprehended the facts, the party's position, or the controlling law." *Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009)

(quoting *Servants of Paraclete*, 204 F.3d at 1012).

A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. A Rule 59(e) motion "is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *United States v. Springer*, No. 08-CV-278-TCK-PJC, 2020 WL 983084, at *1 (N.D. Okla. Jan. 28, 2020) (quoting *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009)).

Lt. Crockett does not assert that there has been an intervening change in the controlling law or that there is new evidence previously unavailable. Instead, she argues that there is a need to correct clear error or prevent manifest injustice.

First, as to the failure to intervene claim, she reasserts her argument that Plaintiffs did not include the claim in their Fourth Amended Complaint. She argues that denial of summary judgment on this issue, therefore, is erroneous and constitutes a manifest injustice. The court addressed this argument in its order when it stated, "while it is not abundantly clear in the Fourth Amended Complaint, Plaintiffs arguably also brought claims against the County Defendants for failure to intervene to stop other law enforcement officers from using excessive force against Mr. Krueger." Docket No. 363, at 17. The court then found that Lt. Crockett was not entitled to qualified immunity on the claim and denied summary judgment. The motion to reconsider this argument is not appropriate. As the court noted in the oft-cited *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983), while Lt. Crockett may have stated her argument better in her motion to reconsider, she is improperly using the motion to reconsider to ask the court to rethink what it has already thought through – rightly or wrongly. Her motion

2

is denied as to the failure to intervene claim.

Second, Lt. Crockett argues that the court erred in finding that she was not entitled to qualified immunity on the excessive force claim because she did not place any significant amount of pressure on Mr. Krueger's *upper* back for any period of time.  The court stated in its Order:

> In *Estate of Booker*, the Tenth Circuit reiterated: "In *Weigel*, we agreed with other circuits that it was 'clearly established that putting substantial or significant pressure on a suspect's back while that suspect is in a face-down prone position after being subdued an/or incapacitated constitutes excessive force.

Docket No. 363, at 23-24 (citing *Estate of Booker*, 745 F.3d 405, 424 (10th Cir. 2014)).  Lt. Crockett refers to this portion of the court's Order, adding the word "upper."  Docket No. 371, at 6-7.  The court has double checked, and the word "upper" is not in the *Estate of Booker* citation.

As the court previously found, Lt. Crockett knelt on Mr. Krueger's left buttock and left upper thigh for approximately forty-five seconds to a minute while he was handcuffed and in a prone position on his stomach, until he had been placed in leg irons.  She did this while other officers placed considerable weight, easily exceeding Mr. Krueger's body weight, on Mr. Krueger's upper back.  To argue that the weight she placed on his buttock and upper thigh would not add to the pressure on his back and contribute to the alleged positional asphyxiation resulting in his death is, at best, disingenuous.

Moreover, despite Lt. Crockett's argument to the contrary, this is an individual assessment of her alleged contribution to Mr. Krueger's injuries.  Lt. Crockett jointly participated, albeit briefly, in the placement of pressure on Mr. Krueger's back while he was in a prone position on his stomach.  Again, Lt. Crockett is improperly using a motion to reconsider to ask the court to rethink what it has already thought through.  Her motion is denied as to the excessive force claim.

Lt. Crockett's motion to reconsider and alter or amend the portion of its Order denying her summary judgment motion as to the 42 U.S.C. § 1983 excessive force and failure to intervene claims [Docket No. 371] is hereby DENIED.

**IT IS SO ORDERED** this 24th day of July, 2024.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**